## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| LIVE WELL FINANCIAL, INC. | : | Case No. 19-11317 (LSS) |
| | : | |
| Debtor. | : | **Hearing Date:  TBD – Expedited Consideration Requested** |
| | : | **Objection Deadline:  TBD – Expedited Consideration Requested** |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Live Well Financial Inc. (the "Debtor"), hereby moves (the "Motion") this Court for entry of an Order Authorizing and Approving the Sale of certain of the Debtor's assets more fully described below pursuant to Sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof respectfully represents and states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

## BACKGROUND

3.      On June 10, 2019, an involuntary petition for relief was filed against the Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.      On July 1, 2019, an Order for Relief in an Involuntary Case was entered [Dkt. No. 49].  On the same date, the Trustee was appointed as interim trustee of the Debtor's estate (the "Estate") pursuant to section 701(a) of the Bankruptcy Code.

5.      Prior to ceasing operations, the Debtor was a financial services company that provided reverse mortgages and forward mortgages to customers, serviced mortgages and traded in mortgage backed securities.

## ASSETS TO BE SOLD AND KEY TERMS

6.      The Assets:  The Trustee has identified the following categories of assets that need to be sold immediately (collectively, the "Assets"):

(a)      FF&E:  The Trustee seeks to sell all or some of the Debtor owned furniture, fixtures and equipment located at the Debtor's headquarters in Richmond, VA (the "FF&E").  The FF&E includes, but is not limited to, office furniture, computers, monitors, copiers and scanners.

(b)      Scratch & Dent Loans:  In addition, the Trustee seeks to sell four to ten loans that the Debtor originated but was not able to securitize for various reasons (the "Scratch & Dent Loans").

7.      Terms of Conveyance:   The Trustee, subject to Order of the Court will  convey all of the Estate's right, title and interest in the Assets in "as is/where is" condition free and clear of all Liens (as defined below).

8.      Need for Immediate Sale:  The Trustee needs to close on a sale of the FF&E located at the Debtor's headquarters prior to July 24, 2019, in order to avoid ongoing administrative rent or removal and storage obligations.  Rent for the Debtor's headquarters has

been paid through July.  To avoid August rent obligations, the Trustee is separately seeking to reject the headquarters lease, effective as July 31, 2019.  Accordingly, it is important that the Trustee close on a sale of the FF&E prior to July 24, 2019, to enable the buyer(s) ample time to remove the FF&E before the end of August.  In addition, the Debtor has ongoing financial and other obligations with respect to the Scratch & Dent Loans, primarily related to servicing.  To avoid these ongoing obligations, the Trustee needs to close on a sale of the Scratch & Dent Loans as expeditiously as possible.

9.      Marketing of Assets and Selection of Buyer(s):  The Trustee will actively solicit offers for the Assets and will select the highest or otherwise best offer(s) for the Assets prior to any hearing(s) on this Motion (the "Sale Hearing").  Given their nature, the Trustee expects that the Assets will be sold in lots to more than one buyer and that the Trustee will seek entry of more than one sale order.  In advance of any Sale Hearing(s), the Trustee will file a notice with the Court identifying the selected buyer(s), the assets being sold, and the purchase price.  The notice will also attach the proposed form of sale order(s) and, to the extent possible, any transaction documents with the buyer(s).

10.      Waiver of 14 Day Stay:  Given the need for expediency, the Trustee is seeking relief from the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## RELIEF REQUESTED

11.      The Trustee requests entry of an order authorizing and approving the sale(s) of the Assets free and clear of all liens, claims, encumbrances, and interests (collectively, the "Liens") with such Liens to attach to the sale proceeds in the same order of priority and to the same extent as such Liens were valid, perfected and enforceable prior to entry of any sale order.

**BASIS FOR RELIEF**

**A.    The Proposed Sale Of the Assets Should Be Approved As A Product Of The Trustee's Exercise Of Sound And Reasonable Business Judgment**

12.    Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13.    This Court should approve the proposed sale if the Trustee demonstrates a sound business reason or justification in support thereof.  *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 179 (D. Del. 1991); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (section 363 sale should be approved if "the proposed sale is fair and equitable, a good business reason [exists] for completing the sale and the transaction is in good faith"); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983).

14.    Here, the proposed sale of the Assets easily meets the "sound business reason" test and it is clear the proposed sale is necessary to preserve the value of the Assets. If not sold immediately, the value of the FF&E will be diminished by the expenses associated with ongoing rent or removal and storage.  Similarly, a sale of the Scratch & Dent Loans now is necessary for the estate to avoid ongoing financial and other obligations related to servicing.

**B.    The Sale of the Assets Should Be Approved Free And Clear Of Liens Pursuant to Section 363(f) Of The Bankruptcy Code**

15.    Pursuant to section 363(f) of the Bankruptcy Code, the Trustee seeks authority to sell and transfer the Assets free and clear of all Liens, with such Liens to attach to the sale proceeds in the same order of priority, and to the same extent as such Liens were valid,

perfected, and/or enforceable immediately prior to the sale, subject to any rights and defenses of the Trustee and other parties in interest with respect thereto. Section 363(f) of the Bankruptcy Code is written in the disjunctive and provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)      such entity consents;
>
> (3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)      such interest is in bona fide dispute; or
>
> (5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16.    A sale free and clear of Liens (to the extent any exist) is necessary to maximize the value of the Assets. A sale subject to Liens would result in a lower purchase price and be of substantially less benefit to the Debtor's estate. A sale free and clear of Liens is particularly appropriate under the circumstances because any lien that exists immediately prior to the closing of any sale will attach to the sale proceeds with the same validity, priority, force and effect as it had at such time, subject to the rights and defenses of the Trustee or any party in interest. Moreover, the Trustee intends to serve this Motion on any entity known to the Trustee to have asserted a Lien on any of the Assets. Any holder of a Lien that receives notice of the proposed sale and which fails to object should be deemed to consent to the proposed sale, thereby complying with section 363(f)(2) of the Bankruptcy Code.

**C.**   **The Automatic Fourteen Day Stay Under Bankruptcy Rule 6004(h) Should Be Waived**

17.   Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order.   Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier on Bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure.   10 *Collier on Bankruptcy* ¶ 6004.09 (15th ed. 1999).   Furthermore, Collier on Bankruptcy provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal.   *Id.*

18.   As set forth above, the Trustee needs to close on any sale(s) of the Assets expeditiously to maximize value and avoid ongoing administrative expenses.   Thus, waiver of any applicable stays afforded by the Bankruptcy Rules is appropriate under the facts and circumstances of this case.

## CONCLUSION

19.   For all of the foregoing reasons, the Trustee submits that he be authorized, pursuant to Section 363 of the Bankruptcy Code, to exercise his sound business judgment and sell the Assets in a manner that he believes will maximize value to the Debtor's estate.

## NOTICE

20.   The Chapter 7 Trustee will provide notice of the Motion to: (i) the United States Trustee, (ii) counsel for the Petitioning Creditors, (iii) any entity known to the Trustee to have asserted a Lien on any of the Assets, and (iv) all other parties that have filed a notice of

appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002.

WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.


Dated:  July 12, 2019                    ARCHER & GREINER, P.C.

                                        By:  /s/  Alan M. Root
                                            Alan M. Root (No. 5427)
                                            300 Delaware Avenue, Suite 1100
                                            Wilmington, DE   19801
                                            Telephone:  302-777-4350
                                            Facsimile:  302-777-4352
                                            E-mail:  aroot@archerlaw.com

                                            *Proposed General Bankruptcy Counsel
                                            for the Chapter 7 Trustee*

216729379v1