**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>LIVE WELL FINANCIAL, INC.<br><br>Debtor. | Involuntary Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>Hrg. Date: TBD<br>Obj. Deadline: July 31, 2019 at 4:00 p.m. (ET) |

**DEBTOR'S MOTION FOR ORDER EXTENDING THE TIME TO FILE SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS
PURSUANT TO SECTIONS 105 AND 521 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 1007 AND 9006, AND LOCAL RULES 1007-1 AND 9006-2**

Live Well Financial, Inc. (the "**Debtor**"), the debtor in the above-captioned involuntary chapter 7 case, by and through its counsel, Bayard, P.A., hereby moves (the "**Motion**") this Court for the entry of an order substantially in the form submitted herewith (the "**Proposed Order**"), pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 1007-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), extending the time for the Debtor to file its schedules of assets and liabilities (the "**Schedules**"); statement of financial affairs (the "**Statement**") and creditor matrix (the "**Creditor Matrix**"). In further support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or

{BAY:03470197v1}

order with respect to the Motion, if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9006, and Local Rules 1007-1 and 9006-2.

## BACKGROUND

4. On June 10, 2019 (the "**Filing Date**"), Flagstar Bank, FSB ("**Flagstar**"), (b) Industrial and Commercial Bank of China Financial Services, LLC ("**ICBC**"), and (c) Mirae Asset Securities (USA) Inc. ("**Mirae**," and, collectively with Flag Star and ICBC, the "**Petitioning Creditors**,") filed an involuntary chapter 7 petition (the "**Involuntary Petition**") pursuant to section 303 of the Bankruptcy Code, initiating the above-captioned Case No. 19-11317 (LSS) (the "**Involuntary Bankruptcy Case**") against the Debtor.

5. On July 1, 2019, the Debtor filed the *Certification of Counsel Regarding Proposed Order Granting Involuntary Petition* [D.I. 48], by which it indicated its consent to entry of an order for relief (the "**Order for Relief**"), which was entered by the Court on the same date [D.I. 49]. On the same date, David W. Carickhoff was appointed as the interim chapter 7 trustee (the "**Trustee**") in accordance with section 701 of the Bankruptcy Code (*see* D.I. 50), and he continues to serve in such capacity.

6. On July 3, 2019, the Clerk of the Court issued a Notice of Petition Deficiencies in in the Involuntary Bankruptcy Case that, among other things, directs the Debtor to file the

Creditor Matrix on or before July 10, 2019 and the Schedules and Statement on or before July 17, 2019.[1]

## RELIEF REQUESTED

7. By this Motion, the Debtor requests entry of an order extending the time for filing the Schedules, Statement and Creditor Matrix[2] by 45 days, through and including September 3, 2019,[3] without prejudice to the Debtor's or the Trustee's right to seek additional time, as necessary.

## BASIS FOR RELIEF REQUESTED

8. Section 521 of the Bankruptcy Code requires, among other things, that the Debtor file its Schedules and Statement. 11 U.S.C. § 521(a). Bankruptcy Rule 1007(c) provides, in pertinent part, that "[i]n an involuntary case, the schedules, statements, and other documents … shall be filed by the debtor within 14 days after the entry of the order for relief." Fed. R. Bankr. P. 1007(c). Bankruptcy Rule 1007(c) further provides that "any extension of time to file schedules, statements and other documents under this [Bankruptcy Rule] may be granted only by motion for cause shown and on notice to United States Trustee, examiner or other party as the court may direct." *Id.*

9. Similarly, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . .

---

[1] Pursuant to Local Rule 9006-2, the Debtor's filing of this Motion prior to the expiration of the current deadline to file the Schedules and Statement shall serve to automatically extend the deadline, without the necessity of a bridge order, until this Court rules on the Motion.

[2] Out of an abundance of caution, the Debtor requests the extension of the deadline to file the Creditor Matrix. The Debtor anticipates that the Creditor Matrix will be filed well in advance of the requested extension.

[3] The last day of the requested 45-day extension falls on August 31, 2019, which is a Saturday. September 2, 2019 is Labor Day, which is a legal holiday (as defined by Fed. R. Bankr. Pro. 9006(a)(6)). Thus, under Fed. R. Bankr. Pro. 9006(a)(1)(C), the period runs through September 3, 2019, the next day that is not a Saturday, Sunday or legal holiday.

order the period enlarged if the request therefor is made before the expiration of the period originally prescribed." Fed. R. Bankr. P. 9006(b).

10. Here, cause exists for extending the time to file the Schedules, Statement and Creditor Matrix. The Debtor was engaged in a voluntary winddown process prior to the Commencement Date, following which the Debtor's focus turned to working with the Petitioning Creditors and other constituencies to avoid the calamitous diminution in value that would occur should the Debtor be placed in Chapter 7 bankruptcy. When those efforts failed, the Debtor promptly consented to entry of the Order for Relief.

11. As the Court is aware from the briefing and hearings prior to entry of the Order for Relief, the Debtor's businesses and capital structure are rather complex. When necessary, the deadline to file Schedules and Statements has frequently been extended in chapter 7 cases in this District. *See, e.g., In re LTC Holdings, Inc.*, Case No. 14-11111 (CSS) (Bankr. D. Del. May 16, 2014 and August 5, 2014) (successive orders granting chapter 7 trustee authority to file Schedules and Statements and extending deadline to a total of approximately five months after commencement date); *In re: The Agency, LLC*, Case No. 14-10118 (KJC) (Bankr. D. Del. Jan. 31, 2014) (order granting chapter 7 debtor and/or chapter 7 trustee a total of 29 days from commencement date to file Schedules and Statements).[4]

12. The Debtor's former personnel who would be responsible for compilation of the Schedules, Statement and Creditor Matrix have spent much of the time since the entry of the Order for Relief working with the Trustee to provide him with necessary information to begin administering these cases and maximizing the value of the Debtor's remaining assets, hindering the task of concurrently completing the Schedules and Statement by the current deadline.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

13. On account of the foregoing, and by this Motion, the Debtor is seeking an extension of the deadline for filing of the Schedules, Statement and Creditor Matrix through and including September 3, 2019, a total of 64 days from the Commencement Date, in order to allow sufficient time to properly complete the Schedules and Statement.

14. The Trustee is aware of, and does not object to, the Debtors' requested extension.

15. For the reasons set forth above, the Debtor submits that the relief requested herein is necessary and in the best interests of the Debtor, its estate and creditors, and therefore should be granted.

## **NOTICE**

16. Notice of this Motion will be provided to: (i) Office of the United States Trustee; (ii) counsel to the Trustee; and (iii) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: July 17, 2019
       Wilmington, DE

BAYARD, P.A.

*/s/ Daniel N. Brogan*
Neil B. Glassman (No. 2087)
Scott D. Cousins (No. 3079)
Evan T. Miller (No. 5364)
Daniel N. Brogan (No. 5723)
600 North King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
       scousins@bayardlaw.com
       emiller@bayardlaw.com
       dbrogan@bayardlaw.com

*Counsel for the Debtor*