**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>              Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Objection Deadline:** 8/14/2019 at 4:00 p.m. (ET)<br>**Hearing Date:** 9/3/2019 at 11:00 a.m. (ET) |

**APPLICATION OF DAVID W. CARICKHOFF,
CHAPTER 7 TRUSTEE OF LIVE WELL FINANCIAL, INC., FOR
ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO EMPLOY
BLANK ROME LLP AS HIS SPECIAL COUNSEL PURSUANT TO 11 U.S.C.
§§ 327, 328 AND FED. R. BANKR. P. 2014 *NUNC PRO TUNC* TO JULY 3, 2019**

David W. Carickhoff (the "Trustee"), Chapter 7 Trustee of Live Well Financial, Inc. (the "Debtor") in the above-captioned chapter 7 case, files this application (the "Application") for entry of an Order, pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014, authorizing the Trustee to employ Blank Rome LLP ("Blank Rome") as his special counsel *nunc pro tunc* to July 3, 2019. In support of this Application, the Trustee relies upon the Verified Statement of Michael B. Schaedle (the "Verified Statement"), a partner of Blank Rome, attached hereto as **Exhibit A** and incorporated herein by reference, and respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).[1] Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by this Court in connection with this Application to the extent it is later determined this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The bases for the relief requested in this Application are sections 327 and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1, 2016-2, and 9010-1.

## BACKGROUND

3. On June 10, 2019 (the "Petition Date"), three petitioning creditors: (i) Flagstar Bank FSB, (ii) Mirae Asset Securities (USA) Inc., and (iii) Industrial and Commercial Bank of China Financial Services LLC (collectively, the "Petitioning Creditors"), filed an involuntary chapter 7 petition against the Debtor.

4. On July 1, 2019, the Court entered the *Order for Relief*.

5. Also on July 1, 2019, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Trustee to act as interim Chapter 7 trustee with respect to the Debtor.

6. On July 1, 2019, the Trustee selected Archer & Greiner, P.C. ("Archer," the Trustee is a partner at Archer) to act as his counsel for general bankruptcy matters. On July 3, 2019, the Trustee selected Blank Rome as his special counsel relating to the analysis of the Debtor's capital structure, related bankruptcy matters, all investigation matters in the above-captioned case, and other matters more fully set forth herein. On July 12, 2019, the Trustee selected SOLIC Capital Advisors, LLC as his financial advisor.

## RELIEF REQUESTED

7. By this Application, the Trustee seeks authority to employ Blank Rome as his counsel effective as of July 3, 2019.

### Blank Rome is Well Qualified to Represent the Trustee

8. Blank Rome is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings. The Trustee seeks to employ Blank

2

Rome to represent him and to perform special services (as discussed below) for the Trustee in connection with carrying out his fiduciary duties and responsibilities under the Bankruptcy Code.

9. Attorneys at Blank Rome have broad-based experience and a national reputation in bankruptcy and reorganization proceedings and has specific experience in liquidations involving subprime and other specialty mortgage lenders, as well as a sophisticated consumer mortgage regulatory and securitization practice. Through Blank Rome, the Trustee will have the benefit of such knowledge and experience, as well as the ability to call upon other attorneys within Blank Rome with expertise in other specialized areas of law as may be needed.

10. Subject to the approval of this Court, Blank Rome will charge the Trustee for its legal services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustment. The Trustee has been advised by Blank Rome that the current hourly rates, which will be charged in respect of the primary members of the Blank Rome engagement team for the Committee, are as follows:

| Name | Rate |
|---|---|
| Regina Stango Kelbon | $890.00 per hour |
| Michael B. Schaedle | $810.00 per hour |
| Scott R. Smith | $930.00 per hour |
| Erin Harkiewicz | $765.00 per hour |
| Bryan J. Hall | $540.00 per hour |
| Jose F. Bibiloni | $410.00 per hour |
| Christopher A. Lewis | $335.00 per hour |

From time to time, other Blank Rome attorneys may be involved in this case as needed. Hourly rates of Blank Rome partners and counsel range from $440.00 to $1,195.00 per hour, associates' rates range from $315.00 to $695.00 per hour, and paralegals' rates range from $185.00 to $450.00 per hour.

3

11. In addition, Blank Rome customarily charges clients for actual and necessary costs of support services the firm provides in connection with a representation, including, without limitation, court reporters, transcripts, computerized research, filing fees, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial overtime, temporary services, travel, lodging, and catering for meetings. Some of these services are provided by Blank Rome, in which case the charges are set by Blank Rome, and others are provided by third party service providers, in which case the charges are set by the providers. Blank Rome will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which Blank Rome seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

12. The Trustee has been advised that Blank Rome will use every effort to staff the engagement in a cost-effective manner, including utilizing the firm's paralegal staff to handle those aspects of the case that can best be managed by a paralegal. Further, Blank Rome will work with Archer to make every effort to avoid duplication of services.

## Services to Be Rendered

13. Coordinating with Archer to avoid duplication of effort, the professional services Blank Rome will render to the Trustee include, without limitation, the following:

    a. advising the Trustee with respect to the Debtor's capital structure, all mortgage warehouse and repurchase obligations and facilities, prepetition asset transfers, bond and securitization matters, insurances, all investigation and regulatory matters, postpetition financial and mortgage product sale/asset matters, as well as his rights, powers, and duties with respect thereto;

    b. attending meetings and negotiating with representatives of creditors and other parties-in-interest;

4

      c.      advising and consulting the Trustee regarding the conduct of these cases, including all legal and administrative requirements;

      d.      consistent with the Trustee's tasking and 13(a) above, advising the Trustee on matters relating to the evaluation of the assumption and assignment or rejection of unexpired leases and executory contracts;

      e.      consistent with the Trustee's tasking and 13(a) above, taking all necessary action to protect and preserve the estate, including the investigation and prosecution of claims and causes of action on behalf of the estate, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the estate may be involved, and objections to claims filed against the estate;

      f.      consistent with the Trustee's tasking and 13(a) above, assisting the Trustee in preparing motions, applications, answers, proposed orders, reports, and papers in connection with the administration of the estate, and coordinating service of the same and prosecuting the same;

      g.      consistent with the Trustee's tasking and 13(a) above, appearing before this Court and any appellate courts and protecting the interests of the estates before such courts; and

      h.      performing all other necessary legal services and providing all other necessary legal advice to the Trustee in connection with these chapter 7 cases to bring these cases to a conclusion.

### **Blank Rome Is a "Disinterested Person"**

14.     Except as set forth in the Verified Statement, (a) Blank Rome has no connections with the Debtor, its affiliates, the Petitioning Creditors or other creditors of the Debtor, the U.S. Trustee, or any other party with actual or potential interests in this case or any of their respective professionals; (b) Blank Rome is not a creditor, equity security holder or insider of the Debtor; (c) none of Blank Rome's lawyers is, or was within two years prior to the Petition Date, a director, officer or employee of the Debtor; and (d) Blank Rome neither holds nor represents an interest materially adverse to the Debtor or its estate.

15.     Accordingly, based on the Verified Statement, the Trustee believes Blank Rome does not hold any interest adverse to the Debtor's estate and, while employed by the Trustee, will

not represent any person having an adverse interest in connection with this case. Further, based upon the Verified Statement, the Trustee believes Blank Rome is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code.

16. Blank Rome is conducting a continuing inquiry into any matters that may affect its disinterested status. If additional or supplemental disclosure is necessary, Blank Rome will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

17. The Trustee believes the employment of Blank Rome is necessary and in the best interests of the Debtor's estate, enabling the Trustee to carry out his fiduciary duties under the Bankruptcy Code.

## Notice

18. Notice of this Application has been provided to (i) counsel to the Debtor, (ii) counsel to the U.S. Trustee, (iii) counsel to the Petitioning Creditors, and (iv) all parties that have requested pursuant to Fed. R. Bankr. P. 2002 to receive notices in this chapter 7 case. In light of the nature of the relief requested, the Trustee submits no other or further notice is required.

19. No prior application for the relief requested herein as it relates to Blank Rome has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, authorizing the employment of Blank Rome as counsel to the Trustee effective as of July 3, 2019, pursuant to sections 327 and 328 of the Bankruptcy Code, and Fed. R. Bankr. P. 2014, with compensation and reimbursement of expenses to be paid pursuant to sections 330 and 331 of the Bankruptcy Code, and for such other and further relief as the Court deems just and proper.

                              **LIVE WELL FINANCIAL, INC.**

Dated: July 31, 2019         By: _____
                                          David W. Carickhoff
                                          Chapter 7 Trustee