# **EXHIBIT A**

Revised Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Related Docket Nos.: 88 & \_\_\_** |

**ORDER AUTHORIZING DAVID W. CARICKHOFF,
CHAPTER 7 TRUSTEE, TO EMPLOY SOLIC CAPITAL ADVISORS, LLC
AND SOLIC CAPITAL, LLC AS HIS FINANCIAL ADVISOR PURSUANT TO
BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A)
AND 2016, AND LOCAL RULE 2014-1, *NUNC PRO TUNC* TO JULY 12, 2019**

UPON THE APPLICATION (the "Application") of David W. Carickhoff (the "Trustee"), the chapter 7 trustee of the estate of the above-captioned debtor (the "Debtor"), for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to retain and employ SOLIC Capital Advisors, LLC and SOLIC Capital, LLC (together "SOLIC") as financial advisor to the Trustee in the above-captioned case; the Court having reviewed the Application and the Declaration of Neil F. Luria; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the information available to SOLIC to date and the disclosures SOLIC has made to date, SOLIC neither has nor represents any interest materially adverse to the interests of the Debtor's estate, any other parties in interest, or in connection with the Debtor's case; (d) the Court having determined that SOLIC is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (e) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for

the relief granted herein; and it appearing to the Court that the Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ SOLIC as financial advisor pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, *nunc pro tunc* to July 12, 2019, on the terms and conditions set forth in the Application and in the Engagement Letter attached as **Exhibit 1** to this Order; provided, that nothing contained in the Application, the Luria Declaration, or the Engagement Letter shall supersede any provisions of the Bankruptcy Code, bankruptcy law, or the orders of this Court during the pendency of this chapter 7 case; provided further, that to the extent anything contained in the Application, the Luria Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4. SOLIC shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of the Court.

5. SOLIC is authorized to render professional services to the Trustee as described in the Application and to be compensated from the estate for such services, consistent with the terms and conditions set forth in the Engagement Letter, except to the extent modified by this Order.

6. SOLIC shall provide notice to the Court of any adjustments of its hourly rates, and shall serve such notice upon the U.S. Trustee and the Trustee.

7.     The indemnification provisions set forth in the Engagement Letter, including the Indemnity Agreement attached thereto as Exhibit B, are hereby approved, subject, during the pendency of this chapter 7 case, to the following:

    a.    subject to the provisions of subparagraph d., *infra*, the Trustee is authorized to cause the estate (the "Estate") of the above-captioned Debtor to indemnify, hold harmless, and reimburse the Indemnified Person (as defined in the Engagement Letter) in accordance with the terms of the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    b.    the Estate shall have no obligation to indemnify, hold harmless, and reimburse SOLIC (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from SOLIC's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Trustee alleges the breach of SOLIC's contractual obligations if the Court determines that indemnification or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph d., *infra*, to be a claim or expense for which SOLIC should not receive indemnity or reimbursement under the terms of the Engagement Letter, as modified by this Order;

    c.    if during the pendency of this chapter 7 case the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph b. above and SOLIC makes a claim for the payment by the Estate on account of any indemnification or reimbursement obligations the Estate has under the Engagement Letter, then such indemnification or reimbursement provisions of the Engagement Letter shall not apply; and

    d.    if, before the earlier of (i) the entry of an order dismissing this chapter 7 case and (ii) the closing this chapter 7 case, SOLIC believes that it is entitled to the payment of any amounts by the Estate on account of the Estate's indemnification and/or reimbursement obligations under the Engagement Letter (as modified by this Order), SOLIC must file an application therefor in this Court, and the Trustee may not cause the Estate to pay any such amounts to SOLIC before the entry of an order by this Court approving the payment. This subparagraph d. is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by SOLIC for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Estate's obligation to indemnify SOLIC. All

parties in interest shall retain the right to object to any demand by SOLIC for indemnification.

8. Notwithstanding anything to the contrary contained in the Engagement Letter, during the pendency of this chapter 7 case:

    a. SOLIC, in its capacity as financial advisor to the Trustee, will be subject to whatever fiduciary obligations exist under applicable law.

    b. The following provision of the Engagement Letter shall not be enforceable: "Notwithstanding the terms of any other provision, the total liability of SOLIC, its parent, subsidiaries, officers, members, employees, and agents for all claims of any kind arising out of this Agreement, whether in contract, tort or otherwise, shall be limited to the total fees paid to SOLIC on this Agreement."

    c. SOLIC may not unilaterally terminate the Engagement Letter without Court approval, which approval may be requested by a motion on shortened notice, subject to the Court's procedures for requesting hearings on shortened notice.

9. The Trustee and SOLIC are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding any contrary provision contained in the Application or the Engagement Letter, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **EXHIBIT 1**

Engagement Letter



SOLIC Capital Advisors, LLC
425 W. New England Avenue
Suite 300
Winter Park, FL 32789

July 18, 2019

PERSONAL AND CONFIDENTIAL

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
c/o Archer & Greiner, P.C.
300 Delaware Avenue
Suite 1100
Wilmington, DE 19801

Re:   Engagement of SOLIC Capital Advisors, LLC

Gentlemen:

We are pleased to confirm the understanding and agreement (this "Agreement") between David W. Carickhoff, Jr., Esq. in his capacity as Chapter 7 Trustee (the "Trustee") for Live Well Financial, Inc. (the "Company", and together with the Trustee, the "Debtor Parties") on the one hand and SOLIC Capital Advisors, LLC ("SCA") and SOLIC Capital, LLC ("SC", and together with SOLIC, "SOLIC")[1] on the other hand as further described herein. This Agreement is being entered into in connection with the Company's proceeding under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This Agreement outlines the understanding between SOLIC and the Trustee for the engagement of SOLIC to perform certain services to the Trustee in connection with the Company's ongoing restructuring as described below. SOLIC shall be entitled to rely conclusively on the Trustee as acting on behalf of any one or all of the Debtor Parties for all purposes of this Agreement.

We understand that we are being retained by the Trustee to perform certain services in connection with a review of the Company's assets and development and implementation and strategic support related thereto.

1.   Scope of Services.

Pursuant to this Agreement, SOLIC will serve as the Trustee's exclusive financial advisor and provide to the Trustee financial advisory, strategic, and operating consulting and other services as requested. In connection with the formulation, analysis and implementation of various options for maximizing value associated with the Company's assets and potential claims against third parties, SOLIC will perform the following services to the extent that it deems necessary, appropriate and feasible and as reasonably requested by the Trustee:

---

[1] Securities offerings and other related services provided hereunder to be provided by SOLIC Capital, LLC, member FINRA/SIPC.

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 2

- Review and analyze the Company's assets and liabilities;

- Review and analyze recovery strategies and potential claims available for the Trustee;

- Assist the Trustee in negotiations with the parties in interest, including, without limitation, any current or prospective creditors or other claimants of the Company;

- Assist the Trustee in bankruptcy administration matters;

- Assist the Trustee in the wind-down of the Company's remaining operations;

- Provide treasury management and support services and other general administrative/backoffice support services; and

- Render such other financial advisory services as may be agreed upon by SOLIC and the Trustee.

The SOLIC team will be led by Neil F. Luria, a SOLIC Senior Managing Director, who will have oversight responsibilities (the "Oversight Professional") and will be staffed by Matthew Rubin and others as determined by the Oversight Professional from time to time. SOLIC's ability to perform this Agreement, including the formation of a consensual capital restructuring to be negotiated among the parties as provided herein, will depend upon the extent of cooperation that it receives from the Debtor Parties, and the Debtor Parties' advisors and representatives, including their legal counsel and accountants. In this regard, the Debtor Parties agree to provide SOLIC full cooperation and access to financial, business and other information concerning the Company which SOLIC reasonably deems appropriate. In addition to open access to all such information (including documents and financial records for projections), SOLIC will have full use and access to all work performed by prior investment banking advisors and management consultants, as well as outside accounting and analyst reports and work papers, all valuation analyses, due diligence materials and other related materials which are (or could be) available to the Debtor Parties (all such information and materials, documents and records, being referred to as "Company Information"). The Debtor Parties will also provide SOLIC with full access to the Company's officers, directors, employees, advisors (including to the extent such access will not impair any applicable legal privilege, the Debtor Parties' counsel) and representatives. SOLIC agrees that, except as may otherwise be required by law, SOLIC will keep confidential and not disclose to third parties (other than representatives or independent contractors retained by SOLIC) all Company Information that is confidential or proprietary to the Company and that SOLIC will use the same only in the performance of its duties under this Agreement.

SOLIC will periodically discuss with the Trustee and his advisors, the business conclusions and restructuring recommendations resulting from the investigation and negotiations.

SOLIC will begin this Agreement immediately upon receipt of this executed Agreement and the attached Indemnity Agreement.

2.      Hourly Fees and Expenses.

The compensation to be paid for SOLIC's services hereunder shall be based upon the following hourly fees:

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 3

Base Hourly Rates:[2]

| | |
|---|---|
| Senior Managing Directors/Senior Advisors | $825-950/hr |
| Managing Directors | $695-825/hr |
| Directors | $550-695/hr |
| Vice President | $450-550/hr |
| Senior Associate | $350-450/hr |
| Associates / Analysts | $245-350/hr |
| Paraprofessionals | $95-125/hr |

The Trustee agrees to pay SOLIC's reasonably incurred fees and expenses[3] in connection with this Agreement based upon the rates set forth above; however, the Trustee expressly agrees that the hourly rates set forth in this Agreement are subject to periodic adjustment upon notice to the Company to reflect economic and other conditions.

SOLIC will provide the Trustee with reasonably detailed monthly invoices and such invoices will be due upon receipt and payable, as set forth below, within three (3) days of receipt. SOLIC's expenses as incurred will be invoiced separately. Generally, these expenses include any travel-related expenses, document production, fax transmissions, teleconferencing charges, outside legal expenses incurred by SOLIC associated with this Agreement (including fee application expenses, discovery costs and defense costs), and other expenses of this type which are associated with this Agreement. All professional fees and expenses will be paid and reimbursed via wire transfer (per instructions set forth on "Exhibit A" attached hereto) within three (3) days of receipt of the applicable SOLIC invoices by the Trustee. SOLIC understands that the Trustee will seek authorization of the Bankruptcy Court for him to fulfill his duties hereunder and that any terms hereof are subject to review and approval by the Bankruptcy Court and all payments to SOLIC will be made in accordance with such approval and rules of the Bankruptcy Court and the Bankruptcy Code.

To the extent that the Trustee requests that SOLIC participate in the disposition of any of the assets of the Company or implement any alternative recovery strategies, the parties hereto will, if deemed appropriate by the Trustee and SOLIC, develop a performance incentive fee to be paid in addition to the hourly fees and expenses stated above. Such fee, if applicable, will be designed to ensure alignment of economic incentives and would be awarded for, and upon, achieving desired restructuring objectives and would be embodied in a written amendment hereto and be subject to Bankruptcy Court approval.

3.  Miscellaneous.

    a.  **Indemnification and Limitation of Liability.** Subject to all applicable Bankruptcy law, rules and related orders of the Delaware Bankruptcy Court (the "Court"), SOLIC will act

---

[2] SOLIC may utilize independent contractors; the hourly rate for such personnel will be invoiced based upon the qualifications, all rates may be subject to periodic adjustments based on SOLIC review and market conditions.

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 4

      under this Agreement as an independent contractor with duties solely to the Trustee. Because we will be acting on your behalf in this capacity, it is our practice to receive indemnification. A copy of our standard indemnity form is attached hereto as "Exhibit B" ("Indemnity Agreement") and must be executed concurrently with this Agreement. The terms of the Indemnity Agreement are incorporated by reference into this Agreement. Notwithstanding the terms of any other provision, the total liability of SOLIC, its parent, subsidiaries, officers, members, employees, and agents for all claims of any kind arising out of this Agreement, whether in contract, tort or otherwise, shall be limited to the total fees paid to SOLIC on this Agreement. None of the parties hereto shall in any event be liable for any indirect, consequential or punitive damages, even if they have been advised of the possibility of such damages. SOLIC shall not be liable for any loss or destruction of valuable documents provided to SOLIC and the Company shall be responsible for insuring such documents against loss or destruction. No action, regardless of form, arising out of or relating to this Agreement, may be brought by the Company more than one (1) year after the cause of action has accrued.

b.     **Confidentiality.** Any advice or opinions provided by SOLIC may not be disclosed or referred to publicly or to any third party except as expressly set forth herein or otherwise in accordance with SOLIC's prior written consent. It is further understood that any advice rendered by SOLIC pursuant to this Agreement, including any advice rendered during the course of participating in negotiations and meetings with the Trustee, as well as any written materials provided by SOLIC, are intended solely for the benefit and confidential use of the Trustee and may not be relied upon by third parties without prior written consent of SOLIC, and will not be reproduced, summarized, described or referred to or given to any other person for any purpose without SOLIC's prior written consent.

c.     **Company Information.** The Trustee acknowledges and agrees that, in rendering its services hereunder, SOLIC will be using and relying on the Company Information (and information available from public sources and other sources deemed reliable by SOLIC) without independent verification thereof or independent appraisal or evaluation of the Company, or any other party. SOLIC does not assume responsibility for the accuracy or completeness of the Company Information or any other information regarding the Company. SOLIC will have no obligation to update any report(s) that it may produce or to revise the information contained therein because of events and transactions occurring subsequent thereto.

d.     **Role of SOLIC.** The Trustee acknowledges and agrees that (i) SOLIC is not being retained to advise the Trustee on, or to express any opinion as to, the wisdom, desirability or prudence of consummating a recapitalization, restructuring, reorganization or other transaction, (ii) SOLIC is not and will not be construed as a fiduciary of the Debtor Parties or any affiliate thereof and will have no duties or liabilities to the equity holders or creditors of the Company or the Trustee, any affiliate of the Company or the Trustee or any other person by virtue of this Agreement and the retention of SOLIC hereunder, all of which duties and liabilities are hereby expressly waived, and (iii) any advice rendered by SOLIC does not constitute a recommendation to any equity holder or creditor that such

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 5

    equity holder or creditor might or should take in connection with a possible recapitalization, restructuring, reorganization or other transaction. Neither equity holders nor creditors of the Company are intended beneficiaries hereunder. The Trustee confirms that he will rely on his own counsel, accountants and other similar expert advisors for legal, estate accounting, tax and other similar advice. SOLIC will not be auditing any financial statements or performing any attest procedures in the course of this engagement. SOLIC's services are not designed, nor should they be relied upon, to disclose internal weaknesses in internal controls, financial statement errors, irregularities, illegal acts or disclosure deficiencies. SOLIC is not a professional accounting firm or law firm and does not practice accounting or law.

e. **Governing Law, Venue, Waiver of Jury Trial.** The terms of this Agreement shall be construed, interpreted and applied in accordance with the laws of the State of Delaware applicable to contracts entered into and wholly to be performed in Delaware by Delaware residents. The Company irrevocably submits to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the purpose of any suit, action or other proceeding arising out of this Agreement which is brought by or against the Trustee or the Company. Each of the Debtor Parties (and, to the extent permitted by law, on behalf of the Company's equity holders and creditors) and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this Agreement.

f. **Assignment and Amendments.** SOLIC may assign its rights hereunder to any of its affiliates, subsidiaries or assigns. This Agreement may only be modified, amended, or waived by a writing signed by the parties hereto. This Agreement, and any modification or amendment thereto, may be executed in counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument.

g. **Attendance at Closing.** SOLIC reserves the right to attend the closing of any transaction involving the sale of all or a part of the Company's assets or any other recapitalization, restructuring, reorganization, merger or other transaction and issue a tombstone announcement with respect to such transaction and SOLIC's involvement with the Company.

h. **Termination.** Either the Trustee or SOLIC may terminate this Agreement upon three (3) days written notice, provided however that no termination of this Agreement will affect SOLIC's right to payment of fees or expense reimbursement pursuant to Section 2 hereof or the indemnification contemplated by the Indemnity Agreement, and the terms of Section 3 hereof will survive termination of this Agreement.

i. **Notices.** All notices required or permitted to be delivered under this Agreement shall be sent, if to us, to the address of SOLIC's Winter Park, Florida office as set forth at the head of this letter, to the attention of Mr. Edward R. Casas and Mr. Neil F. Luria, and if to you, to the address for you set forth above, to the attention of the Trustee, or to such other name or address as may be given in writing to the other party. All notices under this Agreement

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 6

    j.    **Bankruptcy, Retention.** The Trustee agrees that it will promptly apply to the Bankruptcy Court to obtain approval of our retention *nunc pro tunc* to the date of the filing. Notwithstanding anything to the contrary contained herein, the fees and expenses of SOLIC set forth herein shall be reimbursed and paid in accordance with the Bankruptcy Code and any fee procedures established by order of the Bankruptcy Court.

    k.    **Entire Agreement.** This is the entire agreement between the parties pertaining to its subject matter and supersedes all prior agreements, representations and understandings of the parties. No modification of this Agreement shall be binding unless agreed to in writing by the parties. This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

If the terms of the Agreement as set forth in this letter are satisfactory, kindly sign the enclosed copy of this Agreement along with the attached Indemnity Agreement and return executed copies to me by pdf with originals by overnight mail.

We look forward to working with you.

Very truly yours,

SOLIC CAPITAL ADVISORS, LLC

By: _____
    Name: _____
    Title: _____

SOLIC CAPITAL, LLC

By: _____
    Name: _____
    Title: _____

ACCEPTED, ACKNOWLEDGED AND AGREED TO:

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.

By: _____
    David W. Carickhoff, Jr.

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 7

# EXHIBIT A

**Wiring Instructions**

Please direct wire to[4]:



        Account Name:
        Account Number:
        Bank:
        Address:
        ABA #:
        SWIFT:

---

[4] Or as otherwise directed by the Oversight Professional.

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 8

**EXHIBIT B**

July 18, 2019

SOLIC Capital Advisors, LLC
425 West New England Avenue
Suite 300
Winter Park, FL  32789

Ladies and Gentlemen:

This letter will confirm that in connection with the engagement (the "Engagement") of SOLIC Capital Advisors, LLC ("SCA") and SOLIC Capital, LLC ("SC", and together with SCA, "SOLIC") by David W. Carickhoff, Jr., Esq., as Chapter 7 Trustee for Live Well Financial, Inc. (the "Trustee") as reflected in the Engagement Letter (the "Engagement Letter") dated the date hereof (all capitalized terms used but not otherwise defined herein having meanings described in such Engagement Letter) the Trustee agrees to cause the estate (the "Estate") of Live Well Financial, Inc. (the "Debtor") raised in Bankruptcy Case No. 19-11317 (LSS) under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") to indemnify and hold harmless SOLIC and its affiliates and their respective members, officers, directors, employees, independent contractors and agents and each other person, if any, controlling SOLIC or any of its affiliates (each referred to herein as an "Indemnified Person") to the fullest extent permitted by law from and against any losses, claims, damages, obligations, penalties, judgments, awards, costs, disbursements or liabilities, including amounts paid in settlement (collectively, "Losses"), based upon, related to, arising out of or in connection with the Engagement or any recapitalization, restructuring, reorganization, or other transaction involving the Trustee related to the Engagement (a "Restructuring"), and will reimburse each Indemnified Person for all expenses (including fees and expenses of counsel) ("Expenses") as they are incurred in connection with investigating, preparing, pursuing or defending any action, claim, suit, investigation, or proceeding related to, arising out of or in connection with the Engagement or any Restructuring, whether or not pending or threatened and whether or not any Indemnified Person is a party.  Notwithstanding the foregoing, in no event shall the Estate of the Debtor be responsible for any Losses or Expenses that arise out of or in connection with the Engagement or any Restructuring, which are finally judicially determined to have resulted solely from the bad faith, fraud, willful misconduct, or gross negligence of SOLIC.  For the avoidance of doubt, the Trustee shall have no personal liability in respect of the Engagement or, specifically, without limitation, in respect of this agreement on indemnity, Losses, and Expenses.

If any litigation, investigation or proceeding is commenced as to which SOLIC proposes to demand indemnification, SOLIC will notify the Trustee with reasonable promptness; provided, however, that any failure by SOLIC to notify the Trustee will relieve the Estate from the obligations hereunder only to the extent the Trustee and the Estate have been materially prejudiced by such failure or delay.  SOLIC will have the right to retain counsel (and local counsel, if appropriate) of its own choice to represent it, and, subject to Court-approval, the Estate will pay the fees, expenses and disbursements of such counsel.  The Trustee retains the right to cause the Debtor or its Estate to participate in the defense of such litigation, investigation or proceeding as to which SOLIC seeks indemnification through counsel of the Company's choice (the cost

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 9

of which will be paid by the Estate) and SOLIC will reasonably cooperate with such counsel and the Trustee (including, to the extent possible and consistent with its own interests, keeping the Trustee reasonably informed of such defense). The Estate will be liable for any settlement of any claim against SOLIC made with the Trustee's written consent and Court approval.

If for any reason, the foregoing indemnification is unavailable to any of the Indemnified Parties or is insufficient to hold them harmless in respect of any Losses or Expenses (including, without limitation, if the Estate (i) is not authorized by the Court to make such indemnification, and/or (ii) is not capable of making such indemnification because of its administrative insolvency, then the Estate shall bear no further liability to the Indemnified Parties hereunder.

The reimbursement, indemnity and contribution obligations of the Estate hereunder will (i) be in addition to any liability which the Estate may otherwise have, (ii) survive the completion or termination of SOLIC's engagement under the Engagement and (iii) shall be binding upon any successors and assigns of the Estate. The Indemnified Parties (including any contractors of SOLIC) are deemed third party beneficiaries hereunder. SOLIC may assign its right to reimbursement, indemnity and contribution hereunder, in whole or in part, to any affiliate, assignee or successor entity.

The provisions of this agreement shall apply to the Engagement and any written modification of the Engagement Letter thereof signed by the parties and shall remain in full force and effect regardless of any termination or the completion of SOLIC's services under the Engagement.

This agreement will be deemed made in Delaware. The validity and interpretation of this agreement will be governed by, and construed and enforced in accordance with, the laws of the State of Delaware applicable to agreements made and to be fully performed therein (excluding the conflicts of laws rules). The Company irrevocably submits to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the purpose of any suit, action or other proceeding arising out of this agreement which is brought by or against the Trustee. Each of the Trustee and SOLIC hereby knowingly, voluntarily and irrevocably waives any right it may have to a trial by jury in respect of any claim based upon, arising out of or in connection with this agreement.

Very truly yours,

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.

By: _____
      David W. Carickhoff, Jr.

David W. Carickhoff, Jr., Esq., as Chapter 7
Trustee for Live Well Financial, Inc.
July 18, 2019
Page 10

Accepted, acknowledged and agreed to:

SOLIC CAPITAL ADVISORS, LLC

By: _____
Name: _____
Title: _____

SOLIC CAPITAL, LLC

By: _____
Name: _____
Title: _____