**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | Re: Docket Nos.: 87, 109 |

**ORDER GRANTING THE APPLICATION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE OF LIVE WELL FINANCIAL, INC., FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO EMPLOY BLANK ROME LLP AS HIS SPECIAL COUNSEL PURSUANT TO 11 U.S.C. §§ 327, 328 AND FED. R. BANKR. P. 2014 *NUNC PRO TUNC* TO JULY 3, 2019**

UPON CONSIDERATION of the application (the "Application")[1] of David W. Carickhoff (the "Trustee"), Chapter 7 Trustee of Live Well Financial, Inc. (the "Debtor") in the above-captioned chapter 7 case, for entry of an Order, pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014, authorizing the Trustee to employ Blank Rome LLP ("Blank Rome") as his special counsel *nunc pro tunc* to July 3, 2019; and upon the verified statement of Michael B. Schaedle, a partner of the Blank Rome firm, in support of the Application; and the Court having found (a) the Court has jurisdiction over the Application pursuant to §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and the Court being satisfied that, except as set forth in the Verified Statement, Blank Rome and its professionals: (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not, within two (2) years before the Petition Date, directors, officers or employees of the Debtor, (c) do not hold or represent any interest materially adverse to the interest of the Debtor's estates and (d) are not related to any judge of this Court, the U.S. Trustee for this District or any employee of the U.S. Trustee in this District; and, accordingly, Blank Rome and its professionals are "disinterested persons" within

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Application.

the meaning of section 101(14); and Blank Rome's representation of the Trustee being permissible under sections 327 and 328 of the Bankruptcy Code; and it appearing the relief requested is in the best interests of the Debtor's estates, its creditors, and other parties-in-interest; and it appearing that notice of the Application and opportunity for a hearing thereon was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327 and 328 of the Bankruptcy Code and Fed. R. Bankr. P. 2014, the Trustee hereby is authorized and empowered to employ the firm of Blank Rome, *nunc pro tunc* to July 3, 2019, as has counsel in the Debtor's chapter 7 case, and Blank Rome is authorized to perform the services set forth in the Application.

3. Blank Rome shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

Dated: August 28th, 2019
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE