## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | **:** | Chapter 7 |
| | **:** | |
| LIVE WELL FINANCIAL, INC. | **:** | Case No. 19-11317 (LSS) |
| | **:** | |
| Debtor. | **:** | |
| | **:** | |

**Objection Deadline:  October 11, 2019 at 4:00 p.m.**
**Hearing Date:  October 24, 2019 at 11:00 a.m.**

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER  EXTENDING THE DEADLINE TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 1452**

David W. Carickhoff, chapter 7 trustee (the "Trustee") for the estate of Live Well Financial, Inc. (the "Debtor"), hereby moves this Court (the "Motion") for entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending by approximately 180 days the deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 with respect to certain claims and causes of action.  In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

## BACKGROUND

2.    On June 10, 2019, an involuntary petition for relief was filed against the Debtor under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.    On July 1, 2019 (the "Order for Relief Date"), an Order for Relief in an Involuntary Case was entered [Dkt. No. 49].  On the same date, the Trustee was appointed as trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

4.    Prior to ceasing operations, the Debtor was a financial services company that provided reverse mortgages and forward mortgages to customers, serviced mortgages and traded in mortgage backed securities.

## RELIEF REQUESTED

5.    By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9006(b) extending by approximately 180 days, through and including March 27, 2020, the deadline for the Trustee to file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.[1]  The Trustee further requests that the relief requested herein be granted without prejudice to the Trustee's right to seek further extensions of the deadline to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## BASIS FOR RELIEF

6.    Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of claims and causes of action related to the bankruptcy case and pending as of the Order for Relief Date.  Specifically, section 1452 provides, in pertinent part:

---

[1] The current removal deadline is September 30, 2019.

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452.  Section 1334(b) of title 28 provides, in pertinent part:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

7.      Bankruptcy Rule 9027 sets forth the procedures for the removal of related claims and causes of action, including the deadlines for filing the notices of removal. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy Code] is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy Code], (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy Code], or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

8.      As set forth above, the current deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is September 30, 2019. However, Bankruptcy Rule 9006 permits the Court to extend this deadline.  Specifically, Bankruptcy Rule 9006 provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the

court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...

Fed. R. Bankr. P. 9006(b)(1).

9.      It is well-established that this Court has the authority to extend the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006.  See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); In re Jandous Elec. Constr. Corp., 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file notices to remove civil actions pursuant to Bankruptcy Rule 9006).

10.      The Trustee's decision regarding whether to seek removal of any particular claim or cause of action depends on a number of factors, including: (i) the importance of the claim or cause of action to the expeditious resolution of this chapter 7 case; (ii) the time required to complete the claim or cause of action in its current venue; (iii) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (iv) the relationship between the claim or cause of action and matters to be considered in connection with the chapter 7 case and the claims allowance process; and (v) the progress made to date and the overall status of the claim or cause of action. To make the appropriate determination, the Trustee must analyze each claim or cause of action in light of such factors.

11.      To date, the Trustee has not yet had an opportunity to conclusively determine which claims or causes of action, if any, he will seek to remove. Instead, since the Order for Relief Date, the Trustee has been focused on numerous time-critical urgent matters that

have arisen in this case. The extension requested herein is necessary to provide the Trustee additional time to make well informed decisions concerning removal and will ensure that the Trustee's rights provided by 28 U.S.C. § 1452 are preserved and can be exercised in an appropriate manner. Alternately, if such an extension is not granted, the Trustee believes he may not have sufficient time to properly evaluate removal of claims and causes of action. To avoid this potential prejudice, the Court should grant the relief requested hereby.

12. Moreover, the counterparties to any claims or causes of action that are related to this chapter 7 case will suffer no prejudice from the relief requested herein. Prepetition claims and causes of action against the Debtor are stayed by operation of the automatic stay under section 362(a) of the Bankruptcy Code. Accordingly, preserving the Trustee's ability to remove claims and causes of action will impose no significant delay or unnecessary burdens on any counterparties to such related claims and causes of action.

## BRIDGE ORDER NOT REQUIRED

13. Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the deadline for the Trustee to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

## NOTICE

14. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to the petitioning creditors; and (c) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, in substantially the form attached hereto (i) extending by approximately 180 days, through and including March 27, 2020, the deadline for the Trustee to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  September 27, 2019

By: _/s/  Alan M. Root_____
Alan M. Root (#5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE   19801
Telephone:  302-777-4350
Facsimile:  302-777-4352
Email: aroot@archerlaw.com

*General Bankruptcy Counsel to*
*the Chapter Trustee*