# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 304** |

### ORDER APPROVING THE SETTLEMENT AGREEMENT
### BY AND AMONG THE CHAPTER 7 TRUSTEE, MIRAE ASSET
### SECURITIES (USA) INC., AND ICE DATA PRICING & REFERENCE DATA LLC

Upon consideration of the motion (the "Motion")[1] of David W. Carickhoff (the "Trustee"), Chapter 7 Trustee of Live Well Financial, Inc. (the "Debtor") in the above-captioned chapter 7 case, seeking entry of an Order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing and approving the Settlement and Release Agreement (the "Settlement Agreement"), a copy of which is annexed hereto as Exhibit 1, by and among the Trustee, on behalf of the Debtor's Estate, Mirae Asset Securities (USA) Inc. ("Mirae"), and ICE Data Pricing & Reference Data, LLC (together with its principals, successors, affiliates and assigns, "PRD"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the Motion; and the Court finding that entry of this Order is in the best interests of the Debtors' Estate, creditors, and other parties in interest; and any objections or responses to the Motion having been resolved, withdrawn,

---

[1] Capitalized terms used but not defined in this Order shall have the meaning ascribed to such terms in the Motion.

125265846

or overruled by the Court; and upon all of the proceedings had before the Court; and after due deliberation, and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee is authorized to enter into the Settlement Agreement, which is approved in all respects, including, without limitation, the release of Estate claims and Mirae claims against PRD as set forth in paragraphs 3.1 and 3.2 of the Settlement Agreement.

3. Within five business days of the Effective Date of the Settlement Agreement, the Trustee, on behalf of the Estate, will be paid the sum of $29,000,000.  Each of the Trustee, on behalf of the Estate, Mirae, and PRD are authorized to effectuate the actions contemplated by this Order and as set forth in the Settlement Agreement and, to the extent applicable, in the Motion.

4. The fact that a particular provision of the Settlement Agreement is not included in this Order does not in any way impair or impact the enforceability of such provision, it being the intention of this Court to approve the Settlement Agreement in its entirety.

5. The Trustee, Mirae, and PRD each are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the terms of the Settlement Agreement.

6. The Trustee is authorized to release any monies owed to Mirae pursuant to the Alignment Order and Alignment Agreement via wire transfer.

7. This Court shall retain jurisdiction over all matters arising from or related to the Settlement Agreement and/or to the interpretation, implementation, or enforcement of this Order.

**Dated: March 24th, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE