## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317-LSS |
| Debtor. | |
| DAVID W. CARICKHOFF, solely in his capacity as Chapter 7 Trustee of Live Well Financial, Inc., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 21-50972 (LSS) |
| WHITEFORD TAYLOR & PRESTON LLP, | |
| Defendants. | **Hearing Date: March 17, 2022 at 9:45 am (ET)**<br>**Objections Due: February 22, 2022 at 4:00 pm (ET)** |

## MOTION OF THE CHAPTER 7 TRUSTEE PURSUANT TO
## FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER APPROVING
## THE SETTLEMENT AGREEMENT WITH WHITEFORD TAYLOR & PRESTON LLP

David W. Carickhoff, in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Live Well Financial, Inc. ("Live Well"), files this motion ("Motion") seeking entry of an Order authorizing and approving the *Settlement Agreement and Mutual Release* ("Agreement")[1] between the Trustee, on behalf of the Debtor's estate, and Whiteford Taylor & Preston LLP ("Whiteford Taylor"). A copy of the Agreement is annexed as Exhibit 1 to the proposed order attached hereto. In support of the Motion, the Trustee respectfully states as follows:

---

[1] Capitalized terms used but not defined in the Motion have the meanings ascribed to such terms in the Agreement.

## PRELIMINARY STATEMENT

1.      By the Agreement, the Trustee has reached a settlement with Whiteford Taylor that resolves this adversary proceeding with respect to certain transfers to Whiteford Taylor.  The Trustee submits the Agreement with Whiteford Taylor is well within the range of reasonableness and should be approved by the Court.

## JURISDICTION

2.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).[2]  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested in this Motion are pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On June 10, 2019 (the "Filing Date"), an involuntary bankruptcy petition under chapter 7 of the Bankruptcy Code was filed against Live Well in the United States Bankruptcy Court for the District of Delaware (the "Court").  Prior to ceasing operations, the Debtor was a financial services company that provided reverse mortgages and forward mortgages to customers, serviced mortgages, and traded in mortgage backed securities.

4.      On July 1, 2019, the Court entered the Order for Relief.  [D.I. 49].  On the same day, the Trustee was appointed by the Office of the United States Trustee for Region 3 as chapter 7 trustee of the Estate pursuant to Bankruptcy Code section 701(a).  The meeting of creditors in Live Well's chapter 7 case has been finally concluded.

---

[2]  The Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by this Court in connection with this Motion to the extent it is later determined this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**The Parties' Relationship**

5.      Prior to the Filing Date, Whiteford Taylor provided legal services to the Debtor's founder and former CEO, Michael Hild.

6.      In connection with such representation, on June 28, 2021, the Trustee initiated an adversary proceeding against Whiteford Taylor to avoid and recover certain transfers made by the Debtor to Whiteford Taylor.

**The Trustee's Investigation**

7.      On September 9, 2019, Live Well filed, among other things, its Statement of Financial Affairs [D.I. 132] (the "SOFA").  On its SOFA, Live Well disclosed it made a total of not less than $200,000.00 in transfers to Whiteford Taylor during the 90 days prior to the Filing Date (collectively, "Challenged Transfers").

8.      Whiteford Taylor has asserted that the Challenged Transfers are not subject to avoidance on various grounds, including among other things that Whiteford Taylor was a subsequent transferee with respect to the Challenged Transfers.

9.      The Trustee has investigated the Challenged Transfers and has analyzed the defenses raised and arguments made by Whiteford Taylor in connection therewith and, rather than proceed with litigation, the Parties have engaged in good faith, arms' length negotiations and have agreed to resolve all matters between them on the terms set forth herein.

## SUMMARY OF PROPOSED SETTLEMENT

10.      Rather than engage in costly and protracted litigation, the Trustee and Whiteford Taylor have engaged in extensive good faith and arm's-length negotiations regarding the Challenged Transfers. The result of such negotiations is the settlement embodied in the Agreement.

11.    In addition to usual and customary settlement terms, the material terms[3] of the

Agreement include the following:

     a.    <u>Effective Date.</u>  The Agreement shall be effective upon which all of the following have occurred: : (i) entry of an unstayed order of the Bankruptcy Court approving this Settlement Agreement; and (ii) the Trustee has received the Settlement Payment (defined below) in good funds.

     b.    <u>Settlement Payment.</u>  Within five (5) business days after execution of this Settlement Agreement by all Parties, Whiteford Taylor shall remit to the Trustee the sum of $50,000.00 (the "Settlement Payment").  In the event this Settlement Agreement is not approved by the Bankruptcy Court upon motion of the Trustee, the Trustee shall promptly return the Settlement Payment to Whiteford Taylor.

     c.    <u>Trustee's Limited Release.</u>  Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtor and its Estate (the "Estate Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Whiteford Taylor from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against Whiteford Taylor arising from or relating to the Challenged Transfers.  For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Estate Releasors to enforce this Settlement Agreement in accordance with its terms.

     d.    <u>Whiteford Taylor's Limited Release:</u>  Effective on the Settlement Effective Date, Whiteford Taylor shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Estate Releasors from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Whiteford Taylor has, has had, may have or may claim to have against the Estate Releasors arising from or relating to the Challenged

---

[3]  In the event of any inconsistency between the description of the Agreement contained in this Motion and the terms of the Agreement, the terms of the Agreement shall govern and control.

Transfers.  For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of Whiteford Taylor to enforce this Settlement Agreement in accordance with its terms.

e.    <u>Dismissal of the Adversary Proceeding.</u>  Within fifteen (15) business days after the Settlement Effective Date, the Trustee shall file a notice dismissing the Adversary Proceeding against Whiteford Taylor with prejudice; <u>provided</u> that such dismissal shall in no way impair, impact, or otherwise affect the Trustee's rights under the Settlement Agreement.

## **RELIEF REQUESTED AND BASES THEREFOR**

12.    By this Motion, the Trustee respectfully requests entry of an order, substantially in the form annexed hereto as <u>Exhibit A</u>, authorizing and approving the Agreement, a copy of which is annexed as <u>Exhibit 1</u> to the proposed order.

13.    Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estates, and providing for the efficient resolution of bankruptcy cases.  *See In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); *accord Will v. Next Proteins, Inc. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).  To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a settlement or compromise by the trustee after notice and a hearing.  *See* Fed. R. Bankr. P. 9019(a); *see also* 11 U.S.C. § 105(a) (empowering the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code).

14.    In applying this rule, a bankruptcy court should approve a settlement if it is "fair and equitable" and "in the best interest of the estates".  *In re Capmark Fin. Group Inc.*, 438 B.R. 471, 514 (Bankr. D. Del. 2010); *Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Grp., Inc.)*, 336 B.R. 87, 93 (Bankr. D. Del. 2005), *aff'd*, No. 05-828-SRL, 2006 WL 2842462 (D. Del. 2005).  To properly make this determination, the court "must be apprised of all relevant information that will enable it to determine what course of action will be in the best interest of the estate."  *Key3Media*, 336 B.R. at 92 (quoting *Martin*, 91 F.3d at 393).

15.    The United States Court of Appeals for the Third Circuit has provided four criteria a bankruptcy court should consider in approving a settlement: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. *See Martin*, 91 F.3d at 393. When applying these four criteria to the facts of a particular case, a court "is not supposed to have a mini-trial on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Key3Media Group*, 336 B.R. at 93; *In re Nortel Networks, Inc.*, 522 B.R. 491, 509 (Bankr. D. Del. 2014) (approving settlement under the *Martin* factors); *In re Capmark Fin. Group Inc.*, 438 B.R. 471, 514 (Bankr. D. Del. 2010) (same). The court does not have to be convinced the settlement is the best possible compromise. Rather, the court must conclude the settlement is "within the reasonable range of litigation possibilities." *See In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citation omitted).

16.    The Trustee submits the terms of the Agreement fall well within this range of reasonableness and, accordingly, the Agreement should be approved.

17.    The *Martin* factors weigh strongly in favor of approval of the Agreement. But for the Agreement, the Trustee and Whiteford Taylor would need to engage in costly and time-consuming litigation to resolve the Estate's claims with respect to the Challenged Transfers. While the Trustee anticipates the Estate would prevail in any such litigation, there is a substantial downside risk. If a court of competent jurisdiction were to determine that the Challenged Transfers are not subject to avoidance, it is likely the Estate could not recover most, if not all, of the Challenged Transfers.

18.     Even if the Estate were to prevail on threshold issues regarding the effect of a guaranty and indemnity agreement in favor of Hild a, the Parties then would need to litigate the elements of section 548 of the Bankruptcy Code and Whiteford Taylor's defenses.  As discussed above, Whiteford Taylor has asserted, among other defenses, that the Trustee may not avoid or recover the Challenged Transfers as Whiteford Taylor asserts it has a full defense under section 548 of the Bankruptcy Code and case law precedent regarding escrow retainers.

19.     The Agreement avoids the substantial risks and costs of litigation while bringing substantial value into the Estate.  Among other things, the Agreement provides for Whiteford Taylor to pay $50,000 in cash to the Trustee for the benefit of the Estate and for the dismissal of the adversary proceeding.  Further, the Agreement contains releases that are appropriately tailored to the facts and circumstances of this case.  The settlement with Whiteford Taylor embodied in the Agreement is therefore in the paramount interests of the Estate's creditors.

20.     The Trustee respectfully submits the Agreement is fair, reasonable, and in the best interest of the Estate and its creditors and the Agreement should be authorized and approved.

## RESERVATION OF RIGHTS

21.     Except as expressly set forth in this Motion or in the Agreement, each of the Trustee, on behalf of himself and the Estate, and Whiteford Taylor reserves all rights, claims, counterclaims, defenses, and arguments.

## NOTICE

22.     Notice of this Motion has been provided to the following parties or their respective counsel, if any: (i) the Debtor, (ii) the Office of the United States Trustee, (iii) Whiteford Taylor, (iv) Ian C. Bifferato and (v) all parties that have requested pursuant to Bankruptcy Rule 2002 to

receive notice in this case. The Trustee submits, in light of the nature of the relief requested, no further notice is necessary or required.

23.     No prior request for the relief requested in this Motion has been made to this Court or to any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order annexed as <u>Exhibit A</u> to this Motion (i) authorizing and approving the Agreement annexed as <u>Exhibit 1</u> to the Proposed Order, and (ii) granting the Trustee such other and further relief as the Court deems appropriate under the circumstances.

Dated: February 7, 2022          **BLANK ROME LLP**
Wilmington, Delaware             */s/ Stanley B. Tarr*
                                 Stanley B. Tarr (DE No. 5535)
                                 1201 N. Market Street, Suite 800
                                 Wilmington, Delaware 19801
                                 Telephone:    (302) 425-6400
                                 Facsimile:    (302) 425-6464
                                 Email:        Stanley.Tarr@BlankRome.com

                                 Michael D. Silberfarb (admitted *pro hac vice*)
                                 Huaou Yan (admitted *pro hac vice*)
                                 One Logan Square
                                 130 North 18th Street
                                 Philadelphia, Pennsylvania 19103
                                 Telephone:    (215) 569-5500
                                 Facsimile:    (215) 569-5555
                                 Email:        Michael.Silberfarb@BlankRome.com
                                               Huaou.Yan@BlankRome.com

                                 *Counsel for David W. Carickhoff, the Chapter 7 Trustee*

8