## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Live Well Financial, Inc., | Case No. 19-11317 (LSS) |
| Debtor. | **Hearing Date: 12/18/2025 at 10:30 a.m. (ET)**<br>**Objection Deadline: 12/1/2025, at 4:00 p.m. (ET)** |

## CHAPTER 7 TRUSTEE'S MOTION TO SEAL
## SIXTH INTERIM APPLICATION OF MILLER COFFEY TATE LLP
## FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
## AS ACCOUNTANTS TO THE TRUSTEE FOR THE PERIOD
## FROM OCTOBER 1, 2024 THROUGH SEPTEMBER 30, 2025

David W. Carickhoff, the Chapter 7 Trustee of the estate of the above-captioned Debtor, files this Motion seeking entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107, Fed. R. Bankr. P. 9018 and Local Rule 9018-1(d), authorizing Miller Coffey Tate LLP ("MCT") to file under seal MCT's time entries on Exhibit "A-2" to the *Sixth Interim Application of Miller Coffey Tate LLP for Compensation and for Reimbursement of Expenses as Accountants to the Trustee for the Period from October 1, 2024 through September 30, 2025* (the "Fee Application") and to file a redacted version on the public docket. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. The District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), which has been referred to this Court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee confirms his consent, pursuant to Local Rule 9013-f, to the entry of a final order by the Court in connection with this Motion.

2.     The predicates for the relief requested herein are sections 105(a) and 107 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

3.     On June 10, 2019, an involuntary petition for relief was filed with this Court against the above-captioned Debtor under chapter 7 of the Bankruptcy Code.

4.     On July 1, 2019, the Court entered the Order for Relief in an Involuntary Case [D.I. 49].  On the same date, David W. Carickhoff was appointed as the Chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

5.     On May 5, 2020, the Court entered an Order [D.I. 222] granting the Trustee's application to employ MCT as accountants, effective as of April 2, 2020.

6.      On June 28, 2021, the Trustee commenced adversary proceeding no. 21-50966 (the "Adversary Proceeding") against Michael Hild and other defendants.

7.     On June 26, 2024, the Court entered an Order [D.I. 533] granting the Trustee's supplemental application to employ MCT to provide litigation support and expert witness services in connection with the Adversary Proceeding.

8.     Due to various motions filed by the Hild defendants and the withdrawal of defendants' counsel, expert reports have not yet been exchanged in the Adversary Proceeding.

9.     Contemporaneously with the filing of this Motion, MCT is filing the Fee Application.  Certain time entries set forth on Exhibit "A-2" (Litigation Time Charges) to the Fee Application contain information that is confidential or work product as it relates to ongoing expert discovery in the Adversary Proceeding.  The Trustee files this Motion seeking authority for MCT to file under seal the Fee Application with the unredacted time entries on Exhibit "A-2" and to file

2

redacted time entries on the public docket.  After the Adversary Proceeding has concluded, the

Trustee intends to file the unredacted time entries on the public docket.

<u>**RELIEF REQUESTED AND BASIS THEREFOR**</u>

10.     By this Motion, the Trustee seeks the entry of an order, substantially in the form

attached hereto, (i) authorizing MCT to file an unredacted version of Fee Application under seal,

(ii) authorizing and approving the filing of the redacted version of the Fee Application on the public

docket, and (iii) granting related relief.

11.     Bankruptcy Code section 107(b)(1) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1)  protect an entity with respect to a trade secret or
> > confidential research, development, or commercial
> > information . . .

11 U.S.C. § 107(b)(1).  Further, section 105(a) of the Bankruptcy Code provides that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a).

12.     Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own,

the court may, with or without notice, issue any order that justice requires to . . . protect the estate

or any entity regarding a trade secret or other confidential research, development, or commercial

information . . . ." Fed. R. Bankr. P. 9018(a)(1).  The purpose of Bankruptcy Rule 9018 is to

protect parties from "disclosure of information that could reasonably be expected to cause the

entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

13.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section

107(b) of the Bankruptcy Code does not require a party seeking protection thereunder to

demonstrate "good cause." *See, e.g., In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962

3

(11th Cir. 2016) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information.")).  The burden of proof is on the party seeking to seal information to show that it falls within the statutory exception.  *See In re Anthracite Capital, Inc.*, 492 B.R. 162, 177 (Bankr. S.D.N.Y. 2013).  The movant under Bankruptcy Rule 9018 must only demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code and, if successfully demonstrated, "the court is required to protect a requesting party and has no discretion to deny the application."  *Orion Pictures*, 21 F.3d at 27.  "[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)."  *In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015).

14.    Courts have determined that confidential commercial information need not rise to the level of a trade secret to be protected under Bankruptcy Code Section 107(b).  *See, e.g.,* *Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in Bankruptcy Code section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Instead, a party must only demonstrate that the information is "confidential" and "commercial" in nature.  *Orion*, 21 F.3d at 28; *see Altegrity*, 2015 WL 10963572, at *3; Commercial information is "information which would result in an 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corporation,* 353 B.R. 66, 75 (Bankr. D. Del. 2006); *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962 (11th Cir. 2016) ("'Confidential' is an adjective at the

4

beginning of the series and appears to apply to all three items in the list.  Had Congress intended to limit research and development to commercial research and development, it could have done so by moving the word 'commercial' next to the word 'confidential'.  The plain language of the statute does not limit subsection (b)(1) to commercial information.").

15.    Courts also have recognized that redacting time entries is appropriate to prevent disclosure of work product or reveal litigation strategies, particularly where the Court is provided with an unredacted copy of the time entries for *in camera* review.  *See*, *e.g.*, *In re CF & I Fabricators of Utah, Inc*., 131 B.R. 474, 487 (Bankr. D. Utah 1991) ("In bankruptcy court, applications for interim compensation are somewhat different since they are considered prior to end of litigation and while there may be confidences and secrets which should not be violated. Should this situation arise it is suggested that the court consider such applications or portions thereof in camera.") (internal citation and quotations omitted).  In *CF & I Fabricators*, several estate professionals were engaged in ongoing litigation and, "[t]o prevent disclosing work-product, waiving the attorney-client privilege, or revealing litigation strategy, the court allowed redacted applications to be filed on a limited basis.  An unredacted version was filed under seal." *Id.* at 487 n. 10; *see also*, *e.g.*, *ResCap Liquidating Tr. v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 920 (8th Cir. 2023) (affirming district court's award of attorney's fees in an indemnification action and use of redacted invoices were the parties "remain adverse").

16.    Here, MCT has been retained pursuant to a Court order to provide expert witness services in the Adversary Proceeding.  Expert discovery remains open and expert reports have not yet been exchanged.  The delay in completing expert discovery in the Adversary Proceeding is not due to any inaction by the Trustee.  Given that the Trustee and the defendants remain adverse,

requiring MCT to publicly file unredacted time entries at this time would prejudice the estate while unfairly advantaging the defendants in ongoing litigation.

17.      Accordingly, the Trustee respectfully submits that MCT should be permitted to file an unreacted version of the Fee Application under seal and file a redacted version on the public docket.

## NOTICE

18.      Notice of this Motion will be provided to (i) Office of the United States Trustee and (ii) all parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in this case. The Trustee respectfully submits that such notice is reasonable and appropriate under the circumstances and asks that the Court approve such notice of this Motion.

19.      No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion and granting the Trustee such other and further relief as may be just and proper.

Dated: November 14, 2025                    CHIPMAN BROWN CICERO & COLE, LLP

                                            */s/ Bryan J. Hall*_____
                                            Alan M. Root (No. 5427)
                                            Bryan J. Hall (No. 6285)
                                            1313 N. Market Street, Suite 5400
                                            Wilmington, Delaware 19801
                                            (302) 295-0191
                                            (302) 295-0199 (fax)
                                            root@chipmanbrown.com
                                            hall@chipmanbrown.com

                                            *Counsel to the Chapter 7 Trustee*