IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 577, 578** |

## MOTION FOR IMMEDIATE RULING (WITHIN 14 DAYS) ON PENDING MOTION REQUESTING ORDER OF CLARIFICATION

Michael C. Hild and Laura D. Hild, pro se defendants, respectfully move for an immediate ruling within 14 days, on the papers without hearing, on the Motion Requesting Order of Clarification [D.I. 577, filed July 31, 2025] and state:

1. The Motion for Clarification has been pending for nearly four months without ruling.

2. Virginia Credit Union's own response [D.I. 578] confirms it will not proceed with sale of the Church Hill Ventures LLC property absent clarification of the February 21, 2024 Settlement Order.

3. Every day of delay causes compounding damages now exceeding $1 million and increasing daily due to accruing interest, fees, and lost sale proceeds, and continued receivership threats.

4. The unresolved Motion for Clarification is being used to effect a de facto prejudgment seizure of Church Hill Ventures LLC's property in violation of due process.

WHEREFORE, the Hilds respectfully request that the Court, within 14 days, enter the attached Proposed Order granting the Motion for Clarification and clarifying that excess sale proceeds

1

shall be paid to Church Hill Ventures LLC as owner, with such other relief as the Court deems just.

Dated: November 28, 2025

_____
Michael C. Hild
2302 E Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
(804) 306-4314

_____
Laura D. Hild
2302 E Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
(804) 873-8384

## Certificate of Service

I hereby certify that on November 28, 2025, I served the foregoing document via U.S. Mail on the Court and email on all counsel of record, including:

- Stanley B. Tarr, stanley.tarr@blankrome.com
- Lorenzo R. Thomas III, lorenzo.thomas@blankrome.com
- Michael B. Schaedle, mike.schaedle@blankrome.com
- Michael D. Silberfarb, michael.silberfarb@blankrome.com
- Bryan J. Hall, hall@chipmanbrown.com
- Robert H. Chappell, III rchappell@spottsfain.com
- Charles Darren Stumberger cdjs2013@gmail.com

_____
Michael C. Hild

_____
Laura D. Hild

**Exhibits**
  A: Proposed Order

# EXHIBIT A

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | **Re: D.I. 577, 578** |

## ORDER

1. Upon consideration of the Motion for Immediate Ruling on Pending Motion Requesting Order of Clarification, it is hereby ORDERED that:

2. The Motion Requesting Order of Clarification [D.I. 577] is GRANTED.

3. The February 21, 2024 Settlement Order (D.I. 518) is clarified to provide that any excess proceeds from the sale of the Church Hill Ventures LLC property, after satisfaction of the Virginia Credit Union loan, shall be paid directly to Church Hill Ventures LLC as owner.

4. Virginia Credit Union is authorized and directed to proceed with sale forthwith.

_____

Hon. Laurie Selber Silverstein
United States Bankruptcy Judge

Dated: _____, 2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee of Live Well Financial, Inc.,<br><br>Plaintiff,<br><br>- against -<br><br>MICHAEL C. HILD, LAURA D. HILD, CHURCH HILL VENTURES LLC, ANDERSON'S NECK LLC, THE BUTTERBEAN LLC, CLIMAX BEVERAGE CO. LLC, DOGTOWN BREWING LLC, GARDENIA LLC, HOT DIGGITY DONUTS LLC, KINGFISHER LLC, MANASTOH BREWING LLC, URBAN BLEAT CHEESE CO. LLC, ARAGON COFFEE CO. LLC, PETER STUMPF BREWING COMPANY LLC, PIN MONEY PICKLES LLC, ROSENEGK BREWING CO. LLC, VALENTINE'S MEAT-JUICE COMPANY LLC, ERIC G. ROHR, and C. DARREN STUMBERGER,<br><br>and<br><br>JOHN DOES 1-100;<br><br>Defendants. | Adv. Pro. No. 21-50966 (LSS)<br><br>Re: Adv. D.I. 73, 232, 234 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF CHAPTER 7 TRUSTEE'S MOTION TO STRIKE ANSWER SOLELY AS TO THE HILD ENTITIES**

Michael C. Hild and Laura D. Hild (collectively, the "Hilds")[1], proceeding pro se as individual defendants and interested parties in the above-captioned adversary proceeding, respectfully submit this Memorandum in Opposition to the Motion to Strike Answer Solely as to the Hild

---

[1] Mr. and Mrs. Hild have prepared and filed this document *pro se* but it is written in third person for the sake of clarity when reading. Mr. and Mrs. Hild are not attorneys, and do not waive their right to maintain the confidential treatment of their attorney-client privileged communications.

1

Entities [Adv. D.I. 234] (the "Motion") filed by David W. Carickhoff, solely in his capacity as Chapter 7 Trustee (the "Trustee"). The Hilds oppose the Motion for the reasons set forth below and request that the Court deny it in its entirety.

The Hilds request that the Court schedule a hearing if necessary, pursuant to Local Rule 9013-1, to address the interconnected delays in this proceeding, including the unresolved Motion to Quash Lis Pendens [Adv. D.I. 105] and Motion for Clarification [D.I. 577, main case].

## INTRODUCTION

1. The Trustee seeks to strike the Answer [Adv. D.I. 73] solely as to the entity defendants Church Hill Ventures LLC, Anderson's Neck LLC, The Butterbean LLC, Climax Beverage Co. LLC, Dogtown Brewing LLC, Gardenia LLC, Hot Diggity Donuts LLC, Kingfisher LLC, Manastoh Brewing LLC, Urban Bleat Cheese Co. LLC, Aragon Coffee Co. LLC, Peter Stumpf Brewing Company LLC, Pin Money Pickles LLC, Rosenegk Brewing Co. LLC, and Valentine's Meat-Juice Company LLC (collectively, the "Hild Entities") in this adversary proceeding on the grounds that the Hild Entities are unrepresented following the withdrawal of their former counsel, Charles J. Brown, III ("Mr. Brown").

2. The Motion is premature, prejudicial, and unsupported by the record. It ignores prior representations by Mr. Brown—adopted by the Court—that the claims against the Hild Entities are derivative of those against the Hilds individually and that no default or prejudice should occur until liability is established against the Hilds. Moreover, the Motion exploits ongoing delays in this proceeding, including the Court's unresolved Motion to Quash Lis Pendens [Adv. D.I. 105] (filed over two years ago on October 27,

2

2023), which has deprived the Hilds and Hild Entities of the ability to access assets necessary to retain substitute counsel. Granting the Motion would effectively allow the Trustee to obtain a default judgment without trial, circumventing due process and the merits of the case.

## ARGUMENT

3. **The Motion Contradicts Prior Representations and Court Guidance Regarding Representation of the Hild Entities.** In his August 27, 2025 letter to the Court [Adv. D.I. 225], Mr. Brown—then counsel for all defendants—explicitly stated: "Of course, I recognize that the Hild Entities cannot represent themselves. However, I believe that in order for the Hild Entities to be liable on any claim, either Mr. Hild, or certainly Mrs. Hild, would first have to be found liable. As such, I do not believe that a default judgment against any Hild Entity would be appropriate unless, and until, Mr. and Mrs. Hild are first found liable. Accordingly, even if the Hild Entities do not engage substitute counsel, I think that any potential prejudice against the Hild Entities would be mitigated." (Exhibit A, attached hereto).

4. This position was reiterated in email correspondence between Mr. Brown and Michael Hild on November 19, 2025, where Mr. Brown confirmed: "My view is that the Trustee's claims against the Hild entities are derived from the claims asserted against you and Laura – especially Laura. I thought that then and think that now. I stand by my comments that you quoted below." Mr. Brown further explained the distinction between a "default" and a "default judgment," noting that in cases involving unliquidated damages like this one, a court might enter a default but withhold judgment until damages are determined, often through an inquisition hearing. He suggested that "the claims against the Hild

3

Entities should be considered [not] fully liquidated until the claims against you and Laura are decided," and that entering a default without judgment could be appropriate, allowing the Hild Entities to potentially prevail if no liability is found against the Hilds. (Exhibit B, attached hereto; redacted for irrelevance). The Court verbally granted Mr. Brown's withdrawal at the October 30, 2025 hearing, with the understanding that the Hilds consented and that the derivative nature of the claims would protect the Hild Entities from immediate prejudice. The Trustee's Motion cites no authority requiring immediate striking of the Answer absent substitute counsel, especially where, as here, the claims are unliquidated and contingent on findings against the individual defendants. See Local Rule 9010-2(b) (allowing courts discretion in withdrawal and representation matters); see also In re Downs, 103 F.3d 472, 477 (6th Cir. 1996) (courts should avoid defaults that prejudice parties where claims are derivative).

5. **Lack of Notice of the Written Withdrawal Order Prejudices the Hilds and Hild Entities.** The Hilds were not served with a copy of the written order granting Mr. Brown's withdrawal [Adv. D.I. 232], despite repeated inquiries (see Exhibit B). The first notice came via the Trustee's Motion itself, filed on November 17, 2025. This lack of notice violated due process and prevented the Hilds from timely addressing representation for the Hild Entities. The Clerk's office refused to add the Hilds to the notification list while represented, exacerbating the issue. Under FRBP 9006(b), excusable neglect warrants denial of the Motion or an extension to allow the Hild Entities time to retain counsel.

6. **The Unresolved Motion to Quash Lis Pendens Has Created Undue Prejudice, Preventing Retention of Counsel.** For over two years, the Motion to Quash Lis Pendens

4

[Adv. D.I. 105] has remained unresolved, effectively seizing the Hild Entities' assets pretrial (forcing the Hilds to maintain the assets out of pocket with no benefits, and facing criminal threats of prosecution should they fail what is demanded of them), and starving the Hilds of resources to hire replacement counsel. The Hilds have raised this issue repeatedly in filings and status conferences, emphasizing that resolution is necessary for a fair defense. Granting the Trustee's Motion now would reward these delays and allow a "catastrophic" default, as described in the Hilds' correspondence (Exhibit B). Courts have discretion to deny strikes or defaults where systemic delays cause prejudice. See Local Rule 83.7 (emphasizing fairness in withdrawal); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (considering prejudice in excusable neglect analyses).

7. **While the Motion Cites Authority for the General Requirement of Counsel, It Provides No Specific Legal Support for Immediately Striking the Answer as a Sanction and Ignores the Derivative Nature of the Claims.** As Mr. Brown noted in his November 19, 2025 email, "the Trustee cites no authority for the proposition that it is appropriate to the [sic] strike the answer. The Trustee merely claims that he feels that it is an appropriate remedy – apparently based on the legal authority that the Trustee wants it." The Trustee's claims involve unliquidated damages requiring proof against the Hilds first (e.g., constructive fraud tied to solvency). Striking the Answer would lead to an improper default judgment under FRBP 7055, bypassing the need for an inquisition hearing on damages. The Hilds, as interested parties, assert that Laura Hild's property interests in the Hild Entities should not be impaired without a finding against her individually.

8. **Discovery Issues and Prior Sanctions Requests Further Weigh Against the Motion.**

The Hilds have filed multiple requests for a modified scheduling order to complete discovery neglected by Mr. Brown due to his personal conflicts. The Trustee's opposition to reopening discovery (citing prejudice to its solvency report) is inconsistent, as similar reports are needed in related actions like the Wedbush adversary. As Mr. Brown observed, "it is somewhat bullshit (but not completely) for the Trustee to claim that there is all this prejudice with it [sic] expert report when Wedbush is still lingering out that [sic] there and they would need an expert solvency report in that case as well." Granting the Motion would compound these inequities.

## CONCLUSION

For the foregoing reasons, the Hilds respectfully request that the Court deny the Trustee's Motion, allow time for the Hild Entities to retain counsel upon resolution of the lis pendens motion, and schedule a hearing if necessary.

Dated: November 28, 2025

_____
Michael C. Hild
2302 E Marshall Street
Richmond, VA 23223
michaelchristopherhild@gmail.com
(804) 306-4314

_____
Laura D. Hild
2302 E Marshall Street
Richmond, VA 23223
luludyer@yahoo.com
(804) 873-8384

6

## Certificate of Service

I hereby certify that on November 28, 2025, I served the foregoing document via U.S. Mail on the Court and email on all counsel of record, including:

- Stanley B. Tarr, stanley.tarr@blankrome.com
- Lorenzo R. Thomas III, lorenzo.thomas@blankrome.com
- Michael B. Schaedle, mike.schaedle@blankrome.com
- Michael D. Silberfarb, michael.silberfarb@blankrome.com
- Bryan J. Hall, hall@chipmanbrown.com
- Charles Darren Stumberger cdjs2013@gmail.com

_____          _____
Michael C. Hild                                                    Laura D. Hild

**Exhibits**
A: Charles Brown's August 27, 2025 Letter [Adv. D.I. 225]
B: November 19, 2025 Email Thread