**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | **Re: D.I. 200, 228, 231, 233, 234** |

**CERTIFICATION OF COUNSEL REGARDING**
**DISPOSITION OF INSURANCE MATTERS ADJOURNED *SINE DIE***

The undersigned hereby certifies as follows:

1.      On August 27, 2019, a criminal matter (Case No. 19-cr-00602-RA, "Criminal Matter") was commenced against Michael C. Hild ("Hild") in the United States District Court for the Southern District of New York ("SDNY").

2.      On March 6, 2020, Hild filed a motion in this Court [D.I. 200] ("Stay Relief Motion") seeking entry of an order granting him relief from the automatic stay to allow him to compel payment of defense litigation costs from Great American Insurance Group ("Insurer") under the Management Liability Solution Insurance Policy Number DOL1345852 ("Policy") and to permit him to recover and collect Policy proceeds from or related causes of action against the Insurer.

3.      On April 14, 2020 and thereafter, notices of agenda filed on this Court's docket [*see* D.I. 211, 224, 230, 237] reflect an agreement by Hild (through counsel) and the Chapter 7 Trustee to adjourn the hearing on the Stay Relief Motion to July 23, 2020 so that the Stay Relief Motion could be heard together with the Chapter 7 Trustee's motion seeking this Court's approval of the estate's settlement with the Insurer.

157910390

4.      On June 3, 2020, the Chapter 7 Trustee opposed the Stay Relief Motion [D.I. 228] because of, among other things, the Chapter 7 Trustee's separate, competing claim on behalf of the estate for the proceeds of the Policy.  Specifically, Paragraph 15 in the Chapter 7 Trustee's opposition makes reference to the Policy's conduct exclusions ("Conduct Exclusions"), pursuant to which the "Loss" of an Insured is excluded under the Policy if it arises from a "Claim" asserting, among other things, that such Insured's received ill-gotten profits and/or committed fraud.

5.      On June 24, 2020, the Chapter 7 Trustee filed his motion [D.I. 231] ("Settlement Motion" and together with the Stay Relief Motion, "Competing Matters") seeking entry of an order pursuant to Bankruptcy Rule 9019 ("Proposed Order") approving a settlement agreement by and between the Chapter 7 Trustee and the Insurer, which among other things, provides for the turnover of an agreed upon amount of remaining Policy proceeds to be administered by the Chapter 7 Trustee for the benefit of the estate, exchanges of mutual releases between the estate and the Insurer, and assignment to the estate of the Insurer's rights and defenses against purported non-debtor beneficiaries of the Policy.

6.      On July, 8, 2020, Hild interposed his objection to the Settlement Motion [D.I. 233, 234], which argues, among other things, at Paragraphs 34 and 35 therein, that Hild is entitled to the benefit of Policy proceeds, and that the Conduct Exclusions are not applicable, unless and until there is a "final, nonappealable adjudication" establishing certain alleged conduct in an underlying proceeding ("Occurrence of Termination Event").

7.      On July 23, 2020, this Court held oral argument on the Competing Matters and, thereafter, took such matters under advisement but subject to a further hearing pending attempts by Hild (through counsel) and the Chapter 7 Trustee to negotiate a settlement of their competing claims to the Policy proceeds.

8.    Notices of agenda filed on this Court's docket [*see* D.I. 266, 280] reflect an agreement by the parties to adjourn any further hearing *sine die* while pursuing a settlement.

9.    In April 2021, following a fourteen-day trial, a jury in the underlying Criminal Matter found Hild guilty on counts of (1) conspiracy to commit securities fraud, (2) conspiracy to commit wire and bank fraud, (3) securities fraud, (4) wire fraud, and (5) bank fraud.

10.    After Hild's guilty verdict, Hild filed a post-trial motion seeking acquittal and, alternatively, a new trial in the Criminal Matter.  The new trial motion was denied on December 7, 2022, and Hild's subsequent attempt to seek disqualification and recusal of the SDNY Judge was declined on January 3, 2023.

11.    On January 31, 2023, judgment ("Judgment") was entered in the Criminal Matter against Hild, sentencing him to 44 months in jail, entering money judgment against him in the amount of $22,606,752, ordering him to pay restitution, and entering a preliminary order of forfeiture with respect to certain property and the money judgment, among other things.

12.    On February 8, 2023, Hild filed his original notice of appeal from the Judgment in the United States Court of Appeals for the Second Circuit (Case No. 23-6136-cr, as amended, "Appeal").  Thereafter, Hild twice amended his appeal from the Judgment following the SDNY Judge's denials of Hild's second and third motions requesting new trials.[1]

13.    On July 30, 2025, the Second Circuit entered a summary order affirming the Judgement and on February 3, 2026, the Second Circuit denied Hild's petition for rehearing *en banc*.  On February 17, 2026, a judgment mandate issued**.**

14.    On March 23, 2026, Hild filed a petition for a writ of *certiorari*.

---

[1]    Hild's second motion for a new trial was filed on May 29, 2023 and denied on September 12, 2023.  An amended notice of appeal followed.  Hild's third motion for a new trial was filed on April 29, 2024 and denied on July 10, 2024.  A further amended notice of appeal followed.

15.     On April 27, 2026, the Supreme Court of the United States of America denied Hild's petition for a writ of *certiorari* ("Cert Denial") to review (a) the judgment entered on July 30, 2025 by the Second Circuit as well as (b) the Second Circuit's denial of his request for panel and *en banc* rehearing on February 3, 2026.  A copy of the Supreme Court's Order List found at 608 U.S. ___ is attached hereto as **Exhibit A** upon which *Hild, Michael v. United States* is listed under "Certiorari Denied" at page 3 thereof.

16.     The Chapter 7 Trustee's position, consistent with precedent in this Circuit and other courts, is that the Cert Denial effectuated an Occurrence of a Termination Event, ***pursuant to which Hild's claims to any Policy proceeds became subject to the Conduct Exclusions and were therefore extinguished***.  *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) ("a state court criminal judgment is 'final' for purposes of collateral attack at the conclusion of review in the United States Supreme Court"); *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938, 940 (3d Cir. 2019) (the judgment became final on April 20, 2009, when the U.S. Supreme Court denied his petition for writ of certiorari, although Schlager's counsel did not inform him of this until nearly three months later); *Faines v. United States*, 808 F. Supp. 2d 708, 712 (D. Del. 2011) (movant's judgment of conviction became final on October 1, 2007, the date on which the United States Supreme Court denied his petition for writ of certiorari); *see also Stein v. Axis Ins. Co.*, 10 Cal. App. 5th 673, 684, 216 Cal. Rptr. 3d 804, 812–13 (2017) (in insurance coverage case, an action is pending through exhaustion of direct appeal).

17.     Attached hereto as **Exhibit B** is the Proposed Order in the form originally requested, which attaches the *Confidential Settlement Agreement and Release* executed by the Chapter 7 Trustee and the Insurer.  The Insurer consents to the entry of the Proposed Order.

18.     Attached hereto as **<u>Exhibit C</u>** is a proposed form of order denying the Stay Relief

Motion ("Stay Relief Denial Order").

19.     The Chapter 7 Trustee hereby requests that this Court enter the Proposed Order and

the Stay Relief Denial Order at its earliest convenience.

Dated: May 26, 2026          **BLANK ROME LLP**
Wilmington, Delaware

*/s/ ___Stanley B. Tarr_____*
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:     (302) 425-6400
Facsimile:     (302) 425-6464
Email:          Stanley.Tarr@BlankRome.com
                 Lorenzo.Thomas@BlankRome.com


-and-

Michael B. Schaedle (admitted *pro hac vice)*
Michael D. Silberfarb (admitted *pro hac vice)*
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-5500
Facsimile:     (215) 569-5555
Email:          Mike.Schaedle@BlankRome.com
                 Michael.Silberfarb@BlankRome.com

-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Alan M. Root (No. 5427)
Bryan J. Hall (No 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Fax: (302) 295-0199
Email:          root@chipmanbrown.com
                 hall@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*