**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| LIVE WELL FINANCIAL, INC., | Case No. 19-11317 (LSS) |
| Debtor. | **Re: D.I. 200, 228, 231, 233, 234, 625** |

**CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF CERTIFICATION OF COUNSEL REGARDING DISPOSITION OF INSURANCE MATTERS ADJOURNED *SINE DIE***

David W. Carickhoff, in his capacity as the chapter 7 trustee ("Trustee") of the bankruptcy estate of the above-captioned debtor ("Debtor"), files this reply ("Reply") in support of the *Certification of Counsel Regarding Disposition of Insurance Matters Adjourned Sine Die* [D.I. 625] ("COC") and in response to the objection thereto [D.I. 628] ("Objection") filed by Michael C. Hild ("Objector"), and respectfully states as follows:

**REPLY**

1. The Objection argues the Court should decline to adjudicate the underlying motions that are the subject of the COC because (a) the COC is not an appropriate vehicle to seek a final disposition of the Competing Matters,[1] (b) the Trustee materially overstates "the degree of finality presently existing" with respect to the Objector's direct appeal of his criminal conviction, (c) the proposed order approving the Settlement Motion effectuates an overbroad injunction, and (d) Darren Stumberger's efforts to vacate the default entered against him demonstrate active and contested proceedings by an Insured that could entitle Stumberger to payment of "Loss" under the

---

[1]   Capitalized terms used but not otherwise defined shall have the meanings ascribed such terms in the COC or the Policy, as applicable.

157910390

Policy.[2]  The Objection, however, misapprehends the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules") and the Policy and fails to identify any meritorious basis for the Court to continue to delay disposition of the Competing Matters.  The Objection should not deter the Court from determining, without need for a further hearing, that (a) there is no "cause" to lift the stay, as requested by the Stay Relief Motion, and (b) the Trustee's entry into the settlement agreement with the Insurer is within his business judgment, the best interests of the estate, and is fair and equitable.

2.      The Court should dispose of the Competing Matters because: (a) Local Rule 9013-1(b) contemplates requests, under certification of Delaware counsel, for the Court to decide motions already pending before it that were previously served and noticed for hearing; and (b) the Debtor's estate is the only remaining "Insured" that timely noticed a "Claim" not otherwise subject to the Conduct Exclusions.

3.      First, Local Rule 9013-1(b) specifically prescribes a certification of Delaware counsel as the appropriate mechanism for a request for relief.  See Del. Bankr. L.R. 9013-1(b).  Therefore, the COC filed by Trustee's counsel was a preferred mechanism for a request the Court decide motions pending before it, contested or otherwise, because those motions were already served, noticed, and the subject of a prior hearing.  There is no requirement for the COC to duplicate service already completed and/or extend response deadlines already expired.  See, e.g., D.I. 237 (Agenda).[3]  Certificates of service for the Stay Relief Motion [D.I. 200-4] and the Settlement Motion [D.I. 231-3] are on the Court's docket.

---

[2]      A true and correct copy of the Policy appears on the Court's docket at D.I. 233-1.

[3]      As reflected on the agenda for the July 23, 2020 oral argument [D.I. 237], the Stay Relief Motion had a response deadline of April 29, 2020, which was extended *solely* for the Trustee until June 3, 2020.  No responses or objections other than the Trustee's objection thereto [D.I. 228] were timely filed with respect to the Stay Relief Motion.  The Settlement

4.      <u>Second</u>, as stipulated to by the Objector (through counsel)[4] and the Trustee, and as discussed on the record during the July 23, 2020 hearing, the Trustee and Ernest Calabrese (former SVP),[5] are the only Insureds that (a) timely gave notice of a Claim during the relevant "Policy Period" and (b) are entitled to coverage under the Policy. *See* Stipulated Facts, ¶ 17.[6] All of the other Insureds that gave notice – *i.e.*, the Objector, Darren Stumberger (former EVP), Eric Rohr (former CFO and SVP), Glen Haddock (former CFO), Dan Foster (former employee), and Stuart Cantor (former director) (the non-covered Insured, collectively, "<u>Ineligible Insureds</u>") – have had their claims properly denied by the Insurer.

5.      Moreover, each of the Ineligible Insureds was served with the Settlement Motion and, therefore, had notice and an opportunity to be heard with respect to the Settlement Motion. *See* D.I. 231-3.  Only the Objector and Calabrese timely responded to the Settlement Motion. *See* D.I. 237. Consequently, (a) Foster and Cantor cannot now seek coverage years after their notice was required under the Policy, (b) Haddock cannot repudiate his representation to the Trustee that he would not seek indemnification, and (c) the Objector, Stumberger and Rohr are excluded from

---

Motion had a response deadline of July 8, 2020, which was extended *solely* for Ernest Calabrese until July 21, 2020.  No responses or objections other than Mr. Hild's objection [D.I. 233] and Mr. Calabrese's informal comments were timely interposed with respect to the Settlement Motion.

4       The Trustee, on the one hand, and the Objector (through counsel), on the other hand, presented the *Stipulated Facts in Connection with Hearing on Hild's Lift Stay Motion [D.I. 200] and Trustee's 9019 Settlement Motion [D.I. 231]* ("Stipulated Facts"), attached hereto as **Exhibit A**, to Chambers prior to the July 23, 2020 hearing, as discussed on the record of that hearing.  *See* July 23, 2020 hearing transcript at D.I. 277, hereafter referenced as "Tr. [●]."  The Stipulated Facts are binding on the Objector.

5       Calabrese reached the agreement with the Trustee set forth on the record of the July 23, 2020 hearing.  *See* Tr. 34:4 – 35:15.

6       Any "Insured" that did not give timely notice of a "Claim" to the Insurer within a relevant "Policy Period" is barred from now asserting entitlement to Policy Proceeds.

coverage under the Policy as a result of a final, nonappealable adjudication of their criminal act in an underlying proceeding (Objector, Stumberger, and Rohr).

6. As previously explained in greater detail in the Settlement Motion and the Trustee's objection to the Stay Relief Motion, the insurance claims of the Objector, Stumberger, and Rohr are barred by the Policy, which provides, in relevant part, that:

> With respect to all Insuring Agreements, the **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured**: (1) brought about or contributed by (a) any **Insureds** gaining any personal profit, financial advantage or remuneration to which they were not legally entitled ["Ill-Gotten Gains Exception"]; or (b) the deliberately fraudulent or deliberately criminal acts of any **Insured** ["Fraud Exception"]; provided, however, this exclusion: (i) shall not apply unless and until there is a final, non-appealable adjudication as to such conduct in the underlying proceeding;

Policy, Coverage Part A, Section III.A.(1)(a),(b) (Ill-Gotten Gains Exclusion and Fraud-Crime Exclusion).

7. The Ill-Gotten Gains Exclusion and Fraud-Crime Exclusion (*i.e.,* Conduct Exclusions) preclude Stumberger and Rohr from receiving payment under the Policy as a result of their respective guilty pleas and/or money judgment for adjudged proceeds traceable to the offenses charged in the District Court for the Southern District of New York. *See United States of America v. Stumberger*, 19-cr-00608-RA, D.I. 39, 41; *also United States of America v. Rohr*, 19-cr-00595-RA, D.I. 23. Neither Stumberger nor Rohr can now assert a meritorious insurance claim because the judgments entered against them in their respective criminal matters constitute "final, non-appealable adjudications" of their criminal conduct: conspiracy to commit securities fraud, conspiracy to commit wire fraud and bank fraud, securities fraud, wire fraud, and bank fraud.

8. Similarly, the Objector fails to provide any basis, supported by caselaw or Policy language, to sustain a determination by the Court in favor of a purported, prospective motion for

4

"collateral review" of his final, non-appealable adjudication of the Objector's criminal acts for which he was convicted in April 2021: conspiracy to commit securities fraud, conspiracy to commit wire fraud and bank fraud, securities fraud, wire fraud, and bank fraud. The Objector admits as much when he states in the Objection that he "is presently preparing *collateral review* proceedings pursuant to 28 U.S.C. § 2255 raising substantial constitutional claims ***concerning matters not adjudicated on direct appeal***." Objection, p.4.

9.      That is exactly right. The Cert Denial concludes the Objector's direct appeal of his criminal conviction(s) and restitution ordered in the amount of $45,715,100.72. *See United States of America v. Hild*, 19-cr-00602-RA, D.I. 247; *also Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) ("a state court criminal judgment is 'final' for purposes of collateral attack at the conclusion of review in the United States Supreme Court"); *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938, 940 (3d Cir. 2019) (the judgment became final on April 20, 2009, when the U.S. Supreme Court denied his petition for writ of certiorari, although Schlager's counsel did not inform him of this until nearly three months later); *Faines v. United States*, 808 F. Supp. 2d 708, 712 (D. Del. 2011) (movant's judgment of conviction became final on October 1, 2007, the date on which the United States Supreme Court denied his petition for writ of certiorari); *Stein v. Axis Ins. Co.*, 10 Cal. App. 5th 673, 684, 216 Cal. Rptr. 3d 804, 812–13 (2017) (in insurance coverage case, an action is pending through exhaustion of direct appeal).

10.      Effectively, by asking the Court to give an advisory opinion with respect to his yet unfiled collateral review motion, the Objector would have the Court further postpone the payment of the remaining proceeds available under the Policy to the Trustee until all hypothetical theories of collateral review and/or *habeas* petition were exhausted by the Objector. The law does not require such a result, which would delay indefinitely (but presumably for years) the reimbursement

of the Trustee's valid insurance claims because of the remote possibility of a successful collateral review.  The law is clear that such a collateral review is not a direct appeal of the now-final criminal conviction of the Objector triggering the Policy's Conduct Exclusions.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order and the Stay Relief Denial Order and such other and further relief as the Court deems just, necessary, and proper.

Dated: June 4, 2026
Wilmington, Delaware

**BLANK ROME LLP**

*/s/     Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:     (302) 425-6400
Facsimile:     (302) 425-6464
Email:          Stanley.Tarr@BlankRome.com
                Lorenzo.Thomas@BlankRome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-5500
Facsimile:     (215) 569-5555
Email:          Mike.Schaedle@BlankRome.com
                Michael.Silberfarb@BlankRome.com

-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Bryan J. Hall (No 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Fax: (302) 295-0199
Email:          root@chipmanbrown.com
                hall@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*