# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

In re:

LIVE WELL FINANCIAL, INC.,

Debtor.

Chapter 7

Case No. 19-11317 (LSS)

---

## OBJECTION TO CERTIFICATION OF COUNSEL REGARDING DISPOSITION OF INSURANCE MATTERS ADJOURNED SINE DIE

I, appearing pro se, respectfully submit this Objection to the Certification of Counsel Regarding Disposition of Insurance Matters Adjourned Sine Die (the "Certification") and states as follows:

### PRELIMINARY STATEMENT

The Chapter 7 Trustee seeks extraordinary substantive relief through a Certification filed approximately six years after the underlying insurance matters were adjourned sine die.

Although presented as a procedural request concerning previously pending matters, the Trustee seeks entry of orders that would approve a settlement, deny competing claims to insurance proceeds, and permanently enjoin future claims under the Policies by insured persons.

The proposed injunction would not merely resolve disputes between the Trustee and Great American Insurance Company. It would operate against non-settling insureds, including myself, and would permanently bar future policy-related claims despite the absence of any adversary

proceeding, discovery, evidentiary hearing, or renewed motion practice directed toward those parties.

I object because:

(1) I did not receive notice of the Settlement Motion and did not have a meaningful opportunity to be heard;

(2) the Trustee seeks substantive relief through a procedural vehicle that is inappropriate under the circumstances;

(3) approximately six years have elapsed since the underlying motions were filed, during which substantial factual developments occurred;

(4) the proposed injunction is extraordinarily broad and would permanently affect the rights of parties who were not active participants in the settlement process; and

(5) ongoing proceedings affecting insured persons remain unresolved.

Under these circumstances, the requested relief should be denied or, at minimum, renewed motion practice and renewed notice should be required before any permanent injunction affecting policy-related rights is considered.

## LACK OF NOTICE AND OPPORTUNITY TO BE HEARD

The Trustee asserts that affected insureds received notice of the Settlement Motion and had an opportunity to be heard.

As applied to me, that assertion is disputed.

I did not receive the Settlement Motion, did not have actual notice of the relief requested therein, and did not have an opportunity to object to the proposed settlement or the permanent injunction now sought by the Trustee.

I first became aware of the Trustee's present request only after receiving materials served by a co-defendant last week in connection with these proceedings.

The relief sought by the Trustee is substantial. The proposed order would not merely resolve administrative matters. It would permanently affect rights under the Policies and prohibit future claims by insured persons.

Because the proposed injunction would permanently impair asserted policy-related rights, fundamental due process requires notice reasonably calculated to apprise affected parties of the relief sought and a meaningful opportunity to be heard before such rights are affected.

Had I received notice of the Settlement Motion, I would have had the opportunity to appear and present objections before the Court considered relief affecting my asserted interests.

Before entering such relief, the Court should require a clear showing that constitutionally adequate notice was provided and that affected parties were afforded a meaningful opportunity to be heard.

Where notice itself is disputed, entry of a permanent injunction would be inappropriate absent a clear evidentiary showing that due process requirements have been satisfied.

## THE TRUSTEE SEEKS SUBSTANTIVE RELIEF THROUGH AN IMPROPER PROCEDURAL VEHICLE

The Trustee characterizes the present filing as a Certification concerning matters previously adjourned sine die.

In substance, however, the Trustee seeks far more than administrative disposition of dormant motions.

The Trustee seeks to transform a certification into a vehicle for obtaining approval of a settlement, denial of competing claims to insurance proceeds, and entry of a permanent injunction against non-settling parties.

Such relief is substantive, not ministerial.

The underlying motions were filed in 2020. Since that time, the factual and procedural landscape has changed substantially.

The Trustee's request effectively seeks to convert a six-year-old motion into present-day injunctive relief affecting the rights of numerous individuals who are not parties to the settlement agreement itself.

The extraordinary nature of the relief requested weighs strongly in favor of renewed motion practice directed to currently affected parties rather than disposition through a certification procedure.

Fundamental fairness and sound judicial administration favor adjudication on a current record developed through procedures that provide affected parties with notice and an opportunity to be heard.

The Court should therefore decline to grant the requested relief through the present Certification and require appropriate motion practice accompanied by renewed notice and an opportunity to be heard.

## SUBSTANTIAL CHANGED CIRCUMSTANCES SINCE 2020

Since the Settlement Motion was originally filed, substantial information has emerged concerning the valuation of the HECM securities at issue, market pricing practices, lender reliance on pricing services, and the events preceding the collapse of Live Well Financial.

Exhibits A through F collectively address, among other things, valuation methodology, Bloomberg pricing, IDC pricing cessation, market liquidity, lender reliance, transaction activity, and the circumstances surrounding valuation reporting.

Collectively, these materials demonstrate that the factual landscape surrounding valuation, pricing methodology, market liquidity, lender reliance, and loss causation is substantially more developed today than it was when the Settlement Motion was originally filed.

To the best of my knowledge, the information reflected in Exhibits A through F concerning valuation methodology, Bloomberg pricing, IDC pricing cessation, lender reliance, market activity, and loss causation was not available to me when I entered my plea agreement in 2019, nor was any of this information before the Court when the Settlement Motion was filed in 2020.

The significance of these materials is not that this Court must resolve underlying factual disputes in connection with the present objection. Rather, the significance is that substantial information bearing upon issues central to the broader Live Well collapse emerged only years later and has never been subjected to full adversarial testing in connection with the relief now sought.

Under these circumstances, the Court should exercise caution before permanently extinguishing policy-related rights through a certification filed approximately six years after the underlying matters were adjourned while foreclosing affected parties from addressing information that was unavailable when the Settlement Motion was originally presented.

Exhibit A contains testimony from Robert Marsh from Flagstar concerning valuation practices, lender reliance upon pricing services, and liquidation activity.

Exhibit B contains materials concerning former Live Well executive Dan Foster, including information concerning Foster's cooperation with governmental authorities, his relationship with Bloomberg, and evidence concerning Bloomberg's acquisition and use of HECM pricing information.

Exhibit C contains materials relating to IDC pricing, cessation of pricing coverage, valuation reporting, and the transition from IDC pricing to Bloomberg pricing.

Exhibit D contains SEC interview materials involving Christopher Krupa concerning IDC's pricing methodology, validation procedures, broker quote practices, and valuation controls.

Exhibit E contains Ginnie Mae materials addressing the illiquid and specialized nature of the securities involved and acknowledging valuation and liquidity concerns associated with those instruments.

Exhibit F contains representative transaction materials reflecting market activity involving those securities.

## THE REQUESTED INJUNCTION IS EXTRAORDINARILY BROAD

The Trustee seeks entry of a permanent injunction barring future claims under the Policies by insured persons.

Such relief extends beyond Michael Hild and would affect other individuals identified in the insurance materials, including myself.

Permanent injunctions are extraordinary remedies.

The requested injunction would extinguish potential policy-related rights indefinitely and without any future opportunity for affected parties to be heard.

The combination of disputed notice, significant passage of time, evolving factual circumstances, and unresolved issues affecting insured persons weighs strongly against entry of such broad relief.

At a minimum, renewed notice and renewed motion practice should precede consideration of any permanent injunction affecting non-settling parties.

## ONGOING PROCEEDINGS COUNSEL AGAINST ENTRY OF THE REQUESTED RELIEF

I presently have active proceedings relating to claims asserted against me and have sought relief from entry of default judgment.

Whether such relief is ultimately granted has not presently been decided by this Court.

Nevertheless, the existence of ongoing proceedings demonstrates that issues affecting insured persons remain active and contested.

The Court should exercise caution before entering an order permanently extinguishing policy-related rights while related proceedings remain unresolved.

## EQUITABLE CONSIDERATIONS WEIGH AGAINST THE REQUESTED RELIEF

The Trustee seeks entry of a permanent injunction approximately six years after the underlying matters were adjourned sine die.

During that period, criminal proceedings concluded, appeals are still being litigated, additional information became available, and the positions of interested parties evolved substantially.

Equity favors adjudication based upon a current record developed through procedures that provide affected parties with notice and an opportunity to be heard.

The extraordinary relief requested by the Trustee should not be granted through a certification filed years after the underlying matters became dormant.

## SUBSTANTIVE COVERAGE QUESTIONS REMAIN UNRESOLVED

The Trustee's request necessarily assumes that the Policies' Conduct Exclusions apply as a matter of law and that any issues concerning the scope, operation, and application of those exclusions have already been conclusively resolved.

I respectfully disagree.

Whether particular proceedings constitute a "final, non-appealable adjudication" within the meaning of the Policies, whether the exclusions operate in the manner asserted by the Trustee, and whether all prerequisites to the application of those exclusions have been satisfied are substantive coverage questions.

Such questions ordinarily require adversarial litigation, development of an evidentiary record, and a meaningful opportunity for affected parties to be heard.

The Trustee seeks to obtain permanent injunctive relief through a certification procedure while simultaneously treating substantive coverage issues as already resolved. The Court should not conclusively determine those issues through a certification filed approximately six years after the underlying matters were adjourned without renewed motion practice, proper notice, and an opportunity to be heard.

Moreover, the Trustee's position appears to assume that issues concerning causation have likewise been conclusively established. Exhibits A through F demonstrate that substantial information concerning valuation methodology, Bloomberg pricing, IDC pricing cessation, lender reliance, market activity, and loss causation emerged after the Settlement Motion was filed.

Without asking this Court to resolve those issues in connection with the present objection, the existence of such information illustrates why substantive coverage questions should not be conclusively determined through the present certification procedure.

## THE TRUSTEE'S COVERAGE ARGUMENTS DO NOT ELIMINATE THE PROCEDURAL DEFECTS PRESENT HERE

The Trustee's Reply devotes substantial attention to the proposition that related proceedings ultimately trigger policy exclusions and therefore preclude recovery under the Policies.

Even assuming solely for purposes of this objection that the Trustee's coverage arguments ultimately prevail, those arguments do not resolve the procedural deficiencies presented by the Certification.

The issue presently before the Court is not whether the Trustee will ultimately prevail on every coverage defense that may exist under the Policies.

Rather, the threshold issue is whether the Trustee may obtain approval of a settlement, denial of competing claims, and entry of a permanent injunction through a certification filed approximately six years after the underlying matters were adjourned while simultaneously relying upon disputed notice and a substantially changed factual landscape.

The Trustee's position improperly conflates the merits of potential coverage disputes with the procedural requirements necessary to obtain permanent injunctive relief.

Even if the Trustee believes that policy exclusions ultimately bar recovery by particular insureds, affected parties remain entitled to constitutionally adequate notice and a meaningful opportunity to be heard before a court enters an order permanently extinguishing asserted rights.

Likewise, the Trustee's coverage position does not eliminate the significance of the six-year delay between the filing of the underlying motions and the present request for final relief. Nor does it eliminate the significance of the substantial factual developments that occurred during that period.

The Court need not determine the ultimate merits of every potential coverage dispute in order to conclude that the extraordinary relief requested by the Trustee should not be granted through the present procedural vehicle.

Accordingly, regardless of the Trustee's position concerning policy exclusions, the Court should require renewed notice, renewed motion practice, and a meaningful opportunity for affected parties to be heard before entering any permanent injunction affecting policy-related rights.

## RESERVATION OF RIGHTS

Nothing contained in this Objection should be construed as an admission concerning insurance coverage, entitlement to policy proceeds, the applicability of any policy exclusion, the existence or non-existence of any coverage defense, or any factual allegation asserted by the Trustee.

I do not seek adjudication of such issues through this Objection and expressly reserve all rights, claims, defenses, and arguments concerning coverage, policy interpretation, causation, loss allocation, the applicability of any exclusion, and any other issue relating to the Policies in any future proceeding in which such matters are properly presented with adequate notice and an opportunity to be heard.

Nothing contained herein shall be construed as a waiver of any right to contest the Trustee's characterization of the Policies, the exclusions, the underlying facts, or the legal consequences flowing therefrom.

## CONCLUSION

The Court need not determine the ultimate merits of any insurance coverage dispute in order to conclude that permanent injunctive relief should not be entered through the present procedural mechanism.

WHEREFORE, I respectfully request that the Court:

A. Deny the relief requested in the Certification;

B. Decline to enter the proposed injunction affecting policy-related rights;

C. Require renewed motion practice before any such relief is considered;

D. Require renewed notice to all affected parties and a meaningful opportunity to be heard;

E. Decline to extinguish policy-related rights through a certification filed approximately six years after the underlying matters were adjourned sine die;

F. Consider the substantial factual developments reflected in Exhibits A through F before any permanent relief is considered;

G. Require the Trustee to establish that constitutionally adequate notice was provided to affected parties before any injunction is considered; and

H. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Darren Stumberger, Pro Se

118 Chestnut Street 407

Red Bank, NJ 07701

561-913-2565

cdjs2013@gmail.com