# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 200, 228, 231, 233, 234, 625, 628, 629, 630, 635** |

**CHAPTER 7 TRUSTEE'S SUR-REPLY TO MICHAEL C. HILD'S SUPPLEMENTAL SUBMISSION REGARDING THE D&O POLICY'S "FINAL, NON-APPEALABLE ADJUDICATION" REQUIREMENT**

David W. Carickhoff, in his capacity as chapter 7 trustee ("Trustee") of the bankruptcy estate of the above-captioned debtor ("Debtor"), files this sur-reply ("Sur-Reply") to *Michael C. Hild's Supplemental Submission Regarding the D&O Policy's "Final, Non-Appealable Adjudication" Requirement* [D.I. 635] ("Unauthorized Filing") and states as follows:

**SUR-REPLY**

1. The remaining insurance-coverage issue is whether a postconviction motion ("§ 2255 Motion") seeking *habeas* relief from the District Court for the Southern District of New York ("SDNY") under Congress's statutory scheme for federal prisoners—28 U.S.C. § 2255 of the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA")—affects the applicability of Section III of Coverage Part A of the *Management Liability Solution Insurance Policy*, Policy Number DOL1345852 ("D&O Policy"), which excludes coverage for "deliberately fraudulent or deliberately criminal acts" of any **Insureds**" ("Crime/Fraud Exclusion"). It does not. Direct appellate review is distinct from collateral review under § 2255, a separate proceeding triggered

only *after* a judgment of conviction in an underlying criminal proceeding becomes *final and non-appealable*.

2. The Court must apply contract-interpretation principles to resolve this insurance-coverage dispute: "[i]nsurance contracts, like all contracts, 'are construed as a whole, to give effect to the intentions of the parties.'" *RSUI Indemnity Co. v. Murdock*, 248 A. 3d 887, 905 (Del. 2021) (internal citations omitted). "Proper interpretation of an insurance contract will not render any provision 'illusory or meaningless.'" *Id.*

3. The Crime/Fraud Exclusion provides that the "**Insurer**" need not pay "**Loss**" in connection with "**Claims**"[1] made against any "**Insured**" and "brought about or contributed to" by "the deliberately fraudulent or deliberately criminal acts of any **Insureds**; provided however, this exclusion…shall not apply unless and until there is a final, non-appealable adjudication as to such conduct in the underlying proceeding." D&O Policy, Coverage A, Section III, A(1)(b).[2]

4. There is no genuine dispute of material fact that Hild and Stumberger were "**Insureds**" who otherwise may have been entitled to indemnification for the five criminal counts (i.e., "**Claims**") made against them in their SDNY criminal proceedings,[3] provided the Insurer received notice of a "**Claim**" during the applicable policy period and no exclusion or other defense to coverage applied. The "**Claims**" adjudicated in SDNY were brought about or contributed to by conduct excluded under the D&O Policy, and Hild and Stumberger were convicted on all five

[1] "Claim," in relevant part, means a criminal proceeding commenced by the filing of charges. D&O Policy, Coverage Part A, Section II.A.

[2] Hild misapprehends Section XV of the D&O Policy, which entitles the Insurer to exercise its subrogation rights against Hild and Stumberger under the D&O Policy because they were "convicted of a deliberate criminal act," without a separate need for a final, non-appealable adjudication. *See* D&O Policy, Section XV.

[3] *United States v. Michael Hild*, Case No. 19-cr-602-RA; *United States v. Darren Stumberger*, Case No. 19-cr-608-RA.

counts. The question is whether Hild's or, if filed, Stumberger's § 2255 Motion can render the existing final, non-appealable judgments of conviction in the SDNY criminal proceedings inapplicable when applying the Crime/Fraud Exclusion.

5. The SDNY's adjudication[4] of Hild's and Stumberger's criminal conduct established the elements of conspiracy to commit securities fraud, conspiracy to commit wire and bank fraud, securities fraud, wire fraud, and bank fraud. That adjudication became final and non-appealable upon Cert Denial. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

6. The triggering date for a § 2255 Motion is the date a "judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). Hild and Stumberger may pursue postconviction *habeas* relief *only* after their convictions in the underlying criminal proceedings become final and non-appealable. Hild concedes that direct appellate review of his criminal conviction is complete. *See* Unauthorized Filing, at p. 10 (Conclusion).

7. *Collateral* attacks on judgments under a § 2255 Motion are distinct from direct appeals because the AEDPA's standards, procedural bars, and scope of review differ substantially from those governing direct appellate review. They are separate proceedings.

8. The Supreme Court has emphasized that § 2255 is not a substitute for direct appeal. In *United States v. Frady*, 456 U.S. 152, 165 (1982), the Court held that "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." Collateral relief is available only in limited circumstances where the challenged

[4] "Adjudication" means the legal process of resolving a dispute; the process of judicially deciding a case. *See* Adjudication, Black's Law Dictionary (11th ed. 2019).

error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 166 (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'").

9. Direct appeal affords substantially broader review than collateral review. On direct appeal, a defendant may challenge any preserved legal or factual error, including errors involving the admission or exclusion of evidence, jury instructions, sentencing, and the sufficiency of the evidence. Unpreserved errors are reviewed for plain error under Federal Rule of Criminal Procedure 52(b). Collateral review under § 2255 is limited to (1) constitutional errors; (2) jurisdictional defects; (3) errors of law or fact constituting "a fundamental defect which inherently results in a complete miscarriage of justice"; and (4) events that render a sentence "subject to collateral attack." *Addonizio*, 442 U.S. at 185; *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

10. Ineffective assistance-of-counsel claims are a notable exception to this narrow scope. In *Massaro v. United States*, 538 U.S. 500, 504 (2003), the Supreme Court held that such claims are properly raised on collateral review rather than on direct appeal because they typically require factual development *outside the trial record*. Not raising such a claim on direct appeal therefore does not procedurally default it on collateral review. *Id.* at 509.

11. The D&O Policy covers only direct appellate review, not collateral review. The Insurer made that choice deliberately. Hild and Stumberger cite no precedent suggesting that conduct exclusions remain inapplicable until all collateral attacks have been resolved and any resulting judgments are themselves final and non-appealable; in contrast, the Trustee cited

authority supporting that the Crime/Fraud Exclusion is applicable upon the Cert Denial in its reply at D.I. 630 and here. Holding otherwise would be unprecedented. In any event, the D&O Policy's Section XV subrogation provision makes any victory for Hild and Stumberger pyrrhic: any payment of "Loss" was and remains subject to recovery by the Insurer upon their convictions. The "final, non-appealable" language contains no exception for collateral review.

12. For these reasons and those argued at the August 12, 2026 hearing and in the Trustee's papers, the Court should determine as a matter of contract interpretation that Hild and Stumberger (who did not give the Insurer timely notice of a "Claim" nor file a timely response to the 9019 motion) are no longer entitled to proceeds under the D&O Policy because their convictions constitute final, non-appealable adjudications of their underlying criminal proceedings.

Dated: August 25, 2026

*<u>/s/ Stanley B. Tarr</u>*
Stanley B. Tarr (No. 5535)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 425-6400
Email: Stanley.Tarr@blankrome.com

-and-

Michael B. Schaedle (admitted *pro hac vice*)
Michael D. Silberfarb (admitted *pro hac vice*)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Tel.: 215-569-5500
Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

-and-

Bryan J. Hall (No. 6285)
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 N. Market St., Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Hall@ChipmanBrown.com