**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 646** |

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION OF MICHAEL C. HILD FOR AN ORDER REQUIRING THE CHAPTER 7 TRUSTEE TO FURNISH INFORMATION CONCERNING THE ADMINISTRATION AND PRESERVATION OF POTENTIAL ESTATE CLAIMS PURSUANT TO 11 U.S.C. §§ 105(a) AND 704(a)(7)**

David W. Carickhoff, in his capacity as chapter 7 trustee ("Trustee") of the bankruptcy estate of the above-captioned debtor ("Debtor"), files this objection ("Objection") to the *Motion of Michael C. Hild for an Order Requiring the Chapter 7 Trustee to Furnish Information Concerning the Administration and Preservation of Potential Estate Claims Pursuant to 11 U.S.C. §§ 105(a) and 704(a)(7)* [D.I. 646] ("Motion") and respectfully states.

## OBJECTION

1. Bankruptcy Code section 704(a)(7) is not a vehicle for a frustrated litigant to compel a trustee to produce investigatory work product in support of a quixotic quest to rewrite history and blame others for his own crimes and wrongdoing.

2. By the Motion, Michael C. Hild ("Hild") seeks purportedly "*limited*" information about "the Trustee's investigation, evaluation, preservation, disposition, or determination not to pursue potential causes of action belonging to the Estate" [Motion, at p.1] arising from alleged "evidence" about Daniel Foster ("Foster"), Bloomberg Finance, L.P. ("Bloomberg"), Robert W. Baird & Co. ("Baird"), Interactive Data Corporation/Intercontinental Exchange ("IDC"), and related persons, "concerning the pricing of Live Well's HECM interest-only securities." [*Id.*].

Astonishingly, that is the same pricing of Live Well's HECM interest-only securities for which Hild was convicted of criminal conspiracy to commit securities, wire and bank fraud, as well as actual securities, wire and bank fraud, and for which he is currently serving a 44-month sentence.

3. It should come as no surprise that the "*limited*" information Hild now seeks—which undoubtedly consists of the Trustee and his professionals' mental impressions, conclusions, opinions, legal theories, documents, and tangible things—relates *solely* to Hild's latest salvo: his effort to obtain discovery and an evidentiary hearing and, ultimately, vacatur of his criminal conviction in the District Court for the Southern District of New York ("New York District Court"). Hild presaged this argument in his *pro se* filings in this Court before filing his now pending *habeas* petition in New York District Court ("2255 Petition"), which alleges that his criminal counsel's failure to investigate and develop factual allegations about Foster, Bloomberg, and others constituted ineffective assistance of counsel.

4. The so-called "*limited*" information exceeds the scope and type of **financial** information courts find to be "concerning the estate and the estate's administration" under Bankruptcy Code section 704(a)(7). The Court should reject this improper request, which is another attempt by Hild to reverse the New York District Court's determination of his guilt—upheld by the Court of Appeals for the Second Circuit—without taking full accountability for his criminal actions. The Motion is not a routine creditor request for status; it does not seek financial information to ensure that the Trustee fulfills his duty to maximize recoveries expeditiously for the benefit of the estate; rather, it is Hild's self-serving attempt to harass the Trustee and third parties for his benefit, at the expense of his defrauded creditors, who must bear the burden of responding to a request for information he clearly hopes will support the 2255 Petition. As far as the Trustee knows, the New York District Court has not authorized any such discovery, and Bankruptcy Code

section 704(a)(7) is not a substitute for Hild's compliance with the applicable federal rules. The Court should deny the relief sought by the Motion as improper.

5. Section 704(a)(7) provides that "[t]he trustee shall…*unless the court orders otherwise*, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(7). By its plain language, the section makes clear that the Court may place reasonable restrictions on such requests. *See, e.g., Speleos v. McCarthy*, 201 B.R. 325 (D.D.C. 1996) (finding no abuse of authority in bankruptcy court's denial of request to furnish information); *In re Walters*, 136 B.R. 256 (Bankr. C.D. Cal. 1992) (finding the requested "audit materials" did not comprise the kind of information within the ambit of § 704(a)(7) concerning the estate and the estate's administration); *In re Newport 222 Mitchell Street, L.P.*, 75 B.R. 170 (Bankr. N.D. Ga. 2026) (finding that the desire to investigate the prudence of a trustee's decision not to pursue claims against a third party was not an appropriate basis to require a trustee to produce his files); *Miller v. Mott, et al. (In re Team Systems International, LLC)*, Adv. Pro. No. 23-50004-CTG, February 11, 2026 Hearing Transcript [D.I. 489] (where Judge Goldblatt found that "once we are in a contested matter or an adversary proceeding, those parties have access to [the federal] rules, and Section 704 doesn't override the limitations that are otherwise imposed by discovery").

6. Courts consistently reject arguments that section 704(a)(7) allows litigants to obtain protected documents. *See, e.g., In re Munce*, No. 13-45569, 2017 WL 4564706, at *6 (Bankr. W.D. Wash. Oct. 11, 2017) ("§ 704(a)(7) . . . does not require the Trustee to disclose all information to every creditor, especially a party actively litigating against the estate."); *In re Lee Way Holding Co.*, 120 B.R. 881, 907 (Bankr. S.D. Ohio 1990) (describing a similar argument under section 704(a)(7) as "illogical and untenable. Taken to the extreme, this theory would enable [the adverse

party] to compel the Trustee to divulge his entire case in the adversary proceeding against [the adverse party] to his opponent.").

7. By his Motion, Hild seeks to compel the production of information concerning potential estate claims against Foster, IDC, and Bloomberg. The Trustee investigated **and settled** all of the estate's claims against Foster [D.I. 404, 406] and IDC [D.I. 304, 314]. The motions to approve those settlements were served on Hild's counsel of record and no objection was raised. Hild's requests for information concerning any non-privileged investigative materials concerning such claims are therefore moot. With respect to Bloomberg and the various other parties identified in the Motion, Hild has not identified any even potentially colorable estate claims that could be, or could have been, pursued by the Trustee in good faith.[1] Indeed, the Trustee's extensive investigation into facts and circumstances concerning Live Well's business operations and the fraudulent bond scheme orchestrated by Hild, through, among other things, the review of Live Well's business records, witness interviews, Bankruptcy Rule 2004 discovery, discovery conducted in adversary proceedings, the work-product and analysis of the Trustee's financial advisors and retained experts, and the record produced in Hild's criminal trial, has revealed no facts that support the counterfactual theories espoused by Hild in support of this Motion. Simply put, Hild's Motion is nothing more than an improper and wasteful effort to circumvent the federal rules to obtain the Trustee's privileged attorney-client communications and attorney work-product in a futile attempt to support his conspiracy theories that have no identifiable bases in law or fact. The Court should not countenance such a request.

[1] Notably, the allegations underlying the relief requested in the Motion relate to matters that occurred approximately 10 years ago.

8. Hild's request for information tellingly disregards the numerous adversary proceedings the Trustee commenced to recover money on behalf of the estate. *See*, *e.g.*, Whiteford Taylor & Preston LLP (Adv. Pro. No. 21-50972); Wedbush Securities, Inc., *et al.* (Adv. Pro. No. 21-50989); Stuart Cantor*, et al.* (Adv. Pro. No. 21-50990); and Hirschler Fleischer, P.C. (Adv. Pro. No. 24-50182). Hild's Motion also neglects Bankruptcy Rule 9019 settlements on the Court's docket with: Republic Bank & Trust [D.I. 293]; Compu-Link Corporation dba Celink, Heidelberg Properties, LLC, and Howroyd-Wright Employment Agency, Inc. dba AppleOne Employment Services [D.I. 347]; Baseline Analytics, LLC and its successor-in-interest SitusAMC Holdings Corporation, Intex Solutions, Inc., Murphy & McGonigle, and Salesforce.com, Inc. [D.I. 376]; LoanCare, LLC, Property Reserve, Inc. and Open Mortgage LLC [D.I. 387]; Eric G. Rohr and Ernest A. Calabrese Jr. and Gladys C. Calabrese [D.I. 398]; Bruch Hanna LLP and Orrick Herrington & Sutcliffe LLP [D.I. 403]; James Brown, Gantcher Family Limited Partnership and Eric Legoff [D.I. 486]; Virginia Credit Union [D.I. 518]; and most recently, with all of the defendants in the Cantor action, except Stuart Cantor [D.I. 647, 648]. The Court, however, may take judicial notice of its own docket—including Court orders approving settlements—in the main case as well as all of the adversary proceedings. *See In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (BLS), 2021 Bankr. LEXIS 2826, at *10-11 (Bankr. D. Del. Oct. 12, 2022).

9. In sum, the "*limited*" information sought by the Motion is not the kind of financial information courts find is subject to Bankruptcy Code section 704(a)(7) as "concerning the estate and the administration of the estate." Accordingly, Hild's request is improper, and the relief sought should be denied.



159324143

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests the Court deny the Motion in its entirety and grant any further relief it deems just, necessary, and proper.

Dated: September 23, 2026
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: Stanley.Tarr@BlankRome.com
Lorenzo.Thomas@BlankRome.com

-and-

Michael B. Schaedle (admitted *pro hac vice)*
Michael D. Silberfarb (admitted *pro hac vice)*
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
Email: Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Alan M. Root (No. 5427)
Bryan J. Hall (No 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Fax: (302) 295-0199
Email: root@chipmanbrown.com
hall@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*