**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LIVE WELL FINANCIAL, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11317 (LSS)<br><br>**Re: D.I. 646, 650, 655, 669**<br><br>**Objection Deadline: 11/12/2026 at 4 p.m. (ET)**<br>**Hearing Date: 11/19/2026 at 10:45 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S SUPPLEMENTAL OBJECTION TO MOTION OF MICHAEL C. HILD FOR AN ORDER REQUIRING THE CHAPTER 7 TRUSTEE TO FURNISH INFORMATION CONCERNING THE ADMINISTRATION AND PRESERVATION OF POTENTIAL ESTATE CLAIMS PURSUANT TO 11 U.S.C. §§ 105(a) AND 704(a)(7)**

David W. Carickhoff, solely in his capacity as chapter 7 trustee ("Trustee") of the bankruptcy estate of the above-captioned debtor, files this supplemental objection ("Supplemental Objection") to the *Motion of Michael C. Hild for an Order Requiring the Chapter 7 Trustee to Furnish Information Concerning the Administration and Preservation of Potential Estate Claims Pursuant to 11 U.S.C. §§ 105(a) and 704(a)(7)* [D.I. 646] ("Motion"), as supplemented thereafter [D.I. 669] ("Supplement," and together with the Motion, "704(a)(7) Motion"), incorporating the Trustee's objection to the Motion [D.I. 650] ("Objection," and together with Supplemental Objection, "704(a)(7) Objection") as if fully set forth herein, and respectfully states as follows:

## SUPPLEMENTAL OBJECTION

1. The Court did not leave the 704(a)(7) Motion open at the September 30, 2026 hearing ("Hearing") simply so Hild could "shorten" his list. It left the motion open so that Hild's new counsel could "go through the docket on the settlements," "review what was filed," and then tell the Court whether "any additional information . . . is warranted under Section 704." [Hearing Transcript ("Hearing Tr.") 34:20-24]. The Court was clear that "anything that doesn't fall within

the scope of 704 is not something I'm going to order," and asked Hild to explain "what's the narrow thing you need, [and] why is [it] Section 704 permitted information." [Hearing Tr. 36:20-21; 38:16-21].

2. The 704(a)(7) Motion, as supplemented, does none of this. The Supplement is a three-page list of seven purportedly narrowed requests (each a "Request" and, collectively, "Requests"). It says nothing about what counsel found on the docket. It does not identify what information the approved settlements -- the Mirae alignment motion and the IDC and Foster Rule 9019 papers -- failed to disclose. It does not explain why each Request concerns "the estate and the estate's administration," as section 704(a)(7) expressly requires. And it still identifies no theories under which Bloomberg, Baird, or the newly named "Helios Strategic Advisors LLC" could be liable to the estate. Instead, it repackages the Motion's interrogatories and expressly reserves Hild's right to seek "the remaining items described in the [704(a)(7)] Motion" once the Requests are answered. [Supplement ¶ 5].

3. Hild has now had a motion, a reply, a hearing, five weeks to confer, and a supplement. He still has not made the showing the Court required. The 704(a)(7) Motion should be denied with prejudice.

4. First, Hild has not shown, as the Court required, that each Request seeks information "concerning the estate and the estate's administration" that he does not already have. That failure is fatal, and the Court should "order otherwise."

5. The Trustee's core duties under section 704 are to "collect and reduce to money the property of the estate" and to "close such estate as expeditiously as is compatible with the best interests of parties in interest." [11 U.S.C. § 704(a)(1); *see Phoenician Mediterranean Villa, LLC v. Swope (In re J&S Props., LLC)*, 872 F.3d 138, 144 (3d Cir. 2017) (chapter 7 trustee must

"safeguard, liquidate, and administer the estate property for the benefit of the creditors")]. Section 704(a)(7) is a reporting tool that supports those duties, not a free-standing right to examine the trustee. [*See In re Walters*, 136 B.R. 256, 258-59 (Bankr. C.D. Cal. 1992) (professionals' "audit materials" fell outside § 704(a)(7)); *In re Newport 222 Mitchell St. L.P.*, No. 24-54060-SMS, 2026 WL 1488930, at *3 (Bankr. N.D. Ga. May 27, 2026) (a "desire to investigate the prudence of a trustee's decision not to pursue claims against a third party" is not a basis to require the trustee to produce his files)].

6. Nor does section 704(a)(7) override the discovery rules or the protections for privilege and work product. [*See* Hr'g Tr. at D.I. 489, 46:24-47:5, *Miller v. Mott (In re Team Sys. Int'l, LLC)*, Adv. No. 23-50004 (CTG) (Bankr. D. Del. Feb. 11, 2026) (once a contested matter or adversary proceeding is pending, "those parties have access to [the federal] rules, and Section 704 doesn't override the limitations that are otherwise imposed by discovery")]. The Court has discretion to limit or deny the Requests and must exercise it in light of the Trustee's "fiduciary relationship with all creditors of the estate" and his "duty to maximize the value of the estate." [*See Speleos v. McCarthy*, 201 B.R. 325, 328 (D.D.C. 1996); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996)].

7. The Court applied these limits at the Hearing and added its own threshold requirement: Hild had to (a) review the public record of the estate's administration of claims; (b) identify specific information the record does not disclose; and (c) show why that information is "Section 704 permitted information" about the estate and its administration.

8. Measured against that standard, the 704(a)(7) Motion fails.

9. <u>Second</u>, each Request falls outside section 704(a)(7), is already answered by the Court's docket, or both. All seven Requests rest on unstated theories about unidentified estate

claims. The Court asked the threshold question: whether the requested information "concern[s] the estate and the estate administration" when "there's been no indication that any of that has to do with . . . the estate's claim against anybody." [Hearing Tr. 38:8–14]. The Trustee noted that Hild "does not identify any theory in contract or in tort" that would make certain of the so-called "Identified Persons" liable to the estate, that those persons do not appear in the Debtor's schedules and statements, and that they have no privity with the estate. [*See* Hearing Tr. 37:16–38:7; 38:14-15]. The Supplement still identifies no such theory. Without one, whether the Trustee "evaluated" or "decided not to pursue" Bloomberg, Baird, Helios, or ICE affiliates is not information about an estate asset. It is information about Hild's own theory of his criminal case.

10. Specifically:

| **REQUEST** | **BASIS FOR DENIAL** |
|---|---|
| 1. *Whether the Trustee evaluated Bloomberg L.P., Robert W. Baird & Co. Incorporated, Helios Strategic Advisors LLC, or any affiliate of ICE Data Pricing & Reference Data LLC (for the period after November 2018) (together, the "Identified Persons") as a potential defendant, and if so, when.* | This is the "what did the Trustee know and when did he know it" question that prompted the Court to ask, "Is that asking for mental impressions?" [Hearing Tr. 11:22–12:1]. It is. Whether, and when, a trustee "evaluated" a non-party as a "potential defendant" discloses the course and timing of his counsel's legal analysis. Whether, and when, he made an "affirmative decision" not to sue discloses the analysis's conclusion. Framing the questions as yes-or-no does not change what they reveal: each answer discloses the "mental impressions, conclusions, opinions, or legal theories" of the Trustee and his professionals. Fed. R. Civ. P. 26(b)(3). |
| 2. *Whether any tolling, standstill, demand, preservation, or insurer-notice arrangement exists between the Trustee and any Identified Persons (yes or no only).* | This Request seeks the existence of confidential litigation arrangements with potential adverse parties. As the Trustee explained at the Hearing, tolling agreements are typically confidential, and disclosing even their existence exposes counterparties and signals litigation |

| | |
|---|---|
| | strategy. [Hearing Tr. 37:2-8]. The Supplement does not address this point. A yes-or-no answer reveals whether the Trustee regards a person as a potential defendant -- the same protected conclusion sought in Request Nos. 1 and 5 -- and gives a party adverse to the estate an advantage in any later litigation. |
| 3. *Whether the Trustee contends that the release in the IDC settlement [Main D.I. 304, 314] or the Foster settlement [Main D.I. 404, 406] releases any claim against any Identified Person.* | The settlement agreements and releases are of record and speak for themselves. This Request does not seek a fact; it seeks the Trustee's legal position on the reach of Court-approved releases. |
| 4. *Whether any claim against any Identified Person was abandoned, assigned, designated an "Aligned Claim," or made the subject of a "Material Decision" under the alignment agreement with Mirae Asset Securities (USA) Inc. [Main D.I. 242, 256].* | These are among the very matters the Court told Hild to review on the docket. [*See* Hearing Tr. 34:20-35:1; 35:13-19 ("The alignment with [Mirae] on causes of action sounds like it was somewhat comprehensive . . . and would have information")]. The alignment agreement is of record and speaks for itself; its designations and decision-making provisions are available to Hild and his counsel. Any abandonment or assignment would require notice and Court approval and would therefore appear on the Court's docket. |
| 5. *Whether the Trustee made an affirmative decision not to pursue any Identified Person, and if so, when.* | This Request should be denied for the reasons stated in response to Request No. 1. Whether, and when, the Trustee made an "affirmative decision" not to sue discloses the conclusion of his counsel's legal analysis -- his "mental impressions, conclusions, opinions, or legal theories." Fed. R. Civ. P. 26(b)(3); [*see* Hearing Tr. 11:22-12:1]. |
| 6. *When the Trustee first learned (A) that Daniel Foster provided HECM-IO process to Bloomberg, and (B) of the Bloomberg-Baird relationship.* | This Request should be denied for the reasons stated in response to Request No. 1. [*See* Hearing Tr. 11:22-12:1]. When the Trustee learned a fact is the same "what did the Trustee know and when did he know it" question; the answer discloses the course and timing of his counsel's legal analysis. Fed. R. Civ. P. 26(b)(3). Moreover, the Trustee and Hild received the Bloomberg materials at the same time, through a |

| | |
|---|---|
| | subpoena in the adversary proceeding. [Hearing Tr. 25:25-26:9]. Hild has those documents. Request No. 6 seeks only the Trustee's internal assessment of their significance, which is protected work product. |
| 7. *The date on which claims were first asserted against ICE Data Pricing & Reference Data LLC.* | The settlement agreement and releases are of record and speak for themselves. The date claims were first asserted is disclosed in the Rule 9019 settlement agreement. [D.I. 304] |

11. The Supplement also does not answer the Court's question: "once an asset has been administered, is there something that 704 applies to?" [Hearing Tr. 17:18-21]. The IDC and Foster claims were administered years ago through Court-approved compromises after notice to the Hilds. "Settlements are preferred in bankruptcy" because they "minimize litigation and expedite the administration of the bankruptcy estate." [*In re Carney*, No. 24-3196, 2026 U.S. App. LEXIS 12651, at *7 (3d Cir. May 1, 2026) (quoting *In re Body Armor I, Inc.*, 961 F.3d 216, 233 (3d Cir. 2020) and *In re Martin*, 91 F.3d at 393)]. Asking the Trustee to state, years later, how those settlements should be construed does not concern the estate's administration. It is an indirect challenge to final orders that Hild has never sought to reopen.

12. The Court has already noted what follows from a Court-approved settlement of an estate claim: whether the Trustee "didn't know about this information but . . . settled the claim" or "did know . . . and . . . settled the claim," "[t]he claim is settled." [Hearing Tr. 15:8-17]. Hild has never answered the Court's follow-up question: "to what end?" [*Id.*].

13. <u>Third</u>, the Supplement does not change the fact that discovery in the adversary proceeding closed long ago. [Hearing Tr. 39:10-12]. The Court told Hild's counsel that any request to reopen discovery must be "very specific about what it is that you want and why you want it and why you're entitled to it." [Hearing Tr. 46:11-47:3]. Section 704(a)(7) is not a side door to obtain

what Hild must otherwise justify under Bankruptcy Rules 7026 through 7037 and the scheduling order. [*Team Sys.*, Hr'g Tr. at D.I. 489, 46:24-47:5; *Lee Way*, 120 B.R. at 907; *Munce*, 2017 WL 4564706, at *6].

14. Importantly, Both the Motion and the Supplement also **omit material facts**: on July 8, 2026, two days before he surrendered to begin his prison sentence, Hild sued Dan Foster, Bloomberg L.P., and ICE Data Pricing & Reference LLC in the Circuit Court for the City of Richmond, Virginia – the very same parties about which he now seeks to compel information from the Trustee under the guise of section 704(a)(7). Hild sued in his own name, thus asserting that the claims against these parties are his, not the estate's. The Court should treat that complaint as a judicial admission that the 704(a)(7) Motion does not seek information concerning estate assets. Hild's failure to disclose that lawsuit while seeking information from the Trustee about the same claims and parties demonstrates that the 704(a)(7) Motion was filed in bad faith.

15. Hild's motives do not determine whether information falls within section 704(a)(7). They do bear on whether the Court should "order otherwise," and on whether Hild is acting as a "party in interest" with a legally protected stake in the estate's administration. He is not. Hild is a defendant in a pending adversary proceeding in this Court and an active litigant elsewhere, including in his Virginia suit. The Court should not permit Hild, whether *pro se* or through counsel, to misuse section 704(a)(7) to evade discovery rules governing those other proceedings. Whatever interest Hild has as a defendant here, as a litigant elsewhere, or as an out-of-the-money equity holder, it does not entitle him to demand the Trustee's litigation conclusions about non-parties to advance his collateral attack on his conviction (which the U.S. Court of Appeals for the Second Circuit affirmed and the Supreme Court declined to disturb) or his own claims against Foster,

Bloomberg, and ICE (whatever their merit, if any), at the expense of the estate and its creditors, who must fund these responses and will receive no benefit.

16. Finally, the Supplement is not Hild's final position. It is expressly "without prejudice to Mr. Hild's right . . . to request additional information, including the remaining items described in the Motion, after he receives the Trustee's responses," and it withdraws none of his earlier arguments. [Supplement ¶ 5]. Hild thus asks the Court to order a first round of answers while holding open a second round on the original fifteen-item interrogatories. That is incremental discovery, not a request under section 704(a)(7).

17. The Court gave Hild a clear opportunity, with new counsel and the benefit of the Hearing, to identify what is missing from the public record and why section 704(a)(7) entitles him to it. He has not done so. Further briefing would only burden the estate and further delay the stalled adversary proceeding. The Court should "order otherwise" under section 704(a)(7) and deny the 704(a)(7) Motion, as supplemented, with prejudice to renewing requests on the same subject matter.

Dated: November 12, 2026
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: Stanley.Tarr@BlankRome.com
Lorenzo.Thomas@BlankRome.com

-and-

Michael B. Schaedle (admitted *pro hac vice)*
Michael D. Silberfarb (admitted *pro hac vice)*
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500

Facsimile: (215) 569-5555
Email: Mike.Schaedle@BlankRome.com
Michael.Silberfarb@BlankRome.com

-and-

**CHIPMAN BROWN CICERO & COLE, LLP**
Alan M. Root (No. 5427)
Bryan J. Hall (No 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Tel: (302) 295-0191
Fax: (302) 295-0199
Email: root@chipmanbrown.com
hall@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*