**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LIVE WELL FINANCIAL, INC., | ) | Case No. 19-11317 (LSS) |
| | ) | |
| Debtor. | ) | Re: D.I. 664, 665, 666, 667 and all other applications for compensation scheduled for hearing on November 19, 2026 |
| | ) | |
| | ) | Objection Deadline: November 12, 2026 at 4:00 p.m. (ET)<br>Hearing Date: November 19, 2026 at 10:45 a.m. (ET) |

**HILD DEFENDANTS' OMNIBUS LIMITED STATEMENT AND RESERVATION OF RIGHTS WITH RESPECT TO ESTATE PROFESSIONALS' FEE APPLICATIONS [D.I. 664–667] AND RELATED MATTERS**

**PRELIMINARY STATEMENT**

1. Michael C. Hild, Laura D. Hild, and the Hild Entities (together, the "Hild Defendants"), defendants in *Carickhoff v. Hild*, Adv. Pro. No. 21-50966 (LSS) (the "Adversary Proceeding"), submit this omnibus limited statement and reservation of rights (the "Statement") regarding the applications of the Chapter 7 Trustee's professionals set for hearing on November 19, 2026, including the applications of Miller Coffey Tate LLP [D.I. 664], Chipman Brown Cicero & Cole, LLP [D.I. 665], Blank Rome LLP [D.I. 666], and GBH SOLIC Holdco, LLC f/k/a SOLIC Capital Advisors, LLC [D.I. 667] (the "Applications"), and any other application for compensation or reimbursement set for that hearing (together with the Applications, the "Fee Matters").

2. The Hild Defendants do not, by this Statement, ask the Court to reduce any amount requested, and they do not request an evidentiary hearing. This Statement does not seek to delay, condition, or reduce payment of any amount the Court allows on an interim basis. It is filed so that

any interim allowance is understood to be interim only and not a determination, as between the Hild Defendants and the Trustee or his professionals, of the reasonableness of any time entry.

3. Present counsel for the Hild Defendants appeared in September 2026. The Applications were filed on October 29, 2026, and this Statement is filed within the objection deadline stated in them. To the extent the objection deadline for any Fee Matter has passed, this Statement is submitted as a reservation only and not as an objection.

**LIMITED STATEMENT**

4. The Blank Rome application seeks interim allowance of $523,443.50 in fees and $19,569.26 in expenses. Its description of services includes work in the Adversary Proceeding, responses to filings by the Hild Defendants, default papers, a motion to strike, and monitoring of criminal and post-conviction proceedings involving Michael Hild. *See* D.I. 666 ¶ 14 (Task Codes 18 and 20). The Chipman Brown and Miller Coffey Tate applications also describe work supporting or relating to the Adversary Proceeding. *See* D.I. 665 ¶ 8; D.I. 664 ¶ 8.

5. Each Hild Defendant has or may have an interest in the Fee Matters in one or more capacities, including:

(a) as a defendant in the Adversary Proceeding, from whom the Trustee seeks recovery and as to whom the Trustee has stated that he "expressly reserves the right to seek reimbursement of fees and costs from the Hilds at an appropriate time," Adv. D.I. 249 n.1; *see also* Adv. D.I. 1 ¶ 487;

(b) as to Michael Hild, as a holder of Claims 49 and 51, as a holder of equity in the Debtor, and as the movant under 11 U.S.C. § 704(a)(7) [D.I. 646]; and

(c) as to any Hild Defendant, as a person who may hold a claim or lien arising from the recovery of property or from value given, including under 11 U.S.C. §§ 502(h) and 548(c), to the extent any such claim or lien arises.

6. Nothing in this Statement concedes or waives the status of any Hild Defendant as a party in interest for any purpose, including under 11 U.S.C. § 330(a)(2). To the extent the Court concludes that a Hild Defendant lacks standing as to any Fee Matter, this Statement is submitted solely to preserve the rights described below and seeks no other relief.

## RESERVATION OF RIGHTS

7. **Interim allowance only.** Compensation allowed under 11 U.S.C. § 331 is interim. Section 330(a)(5) requires that final compensation be reduced by interim compensation awarded and permits return of any excess to the estate, and Local Rule 2016-2(k) provides for final fee applications to be noticed for hearing after the Trustee's Final Report is filed. The Hild Defendants request that any order on a Fee Matter state that the allowance is interim, subject to final review, and without prejudice to the rights reserved here.

8. **No waiver or estoppel.** The Hild Defendants' decision not to seek a reduction at this time is not an admission that any time entry was necessary, reasonable, or beneficial to the estate. Neither the absence of an objection nor the entry of an order allowing any Fee Matter on an interim basis should be treated as a finding, as evidence of reasonableness, or as law of the case in any other matter, including the Adversary Proceeding and any request by the Trustee to shift fees or costs to any Hild Defendant.

9. **Time relating to the Hild Defendants.** The Hild Defendants reserve all rights to challenge, in connection with any final fee application or any request for reimbursement from them, time entries of any estate professional relating to the Hild Defendants, including those in

Blank Rome's Task Codes 18 and 20. The grounds reserved include unnecessary duplication of services, 11 U.S.C. § 330(a)(4)(A)(i); services not reasonably likely to benefit the estate or necessary to the administration of the case, *id.* § 330(a)(4)(A)(ii); the factors in § 330(a)(3); and the adequacy of activity descriptions under Local Rule 2016-2(d).

10. **Rates.** The Blank Rome application states that a rate increase approved by the Trustee "will take effect after the Application Period." D.I. 666 ¶ 12. The fee summary and time records, however, state hourly rates for 2026 that differ from the 2025 rates for services rendered within the Application Period. The Hild Defendants request that Blank Rome clarify, at or before the hearing, the date on which the 2026 rates took effect and the notice given of the adjustment. *See* D.I. 87 ¶ 10 (rates "subject to periodic adjustment").

11. **Narrative disclosure.** Local Rule 2016-2(c)(iii) calls for the narrative portion of a fee application to explain "reasons for the use of multiple professionals for a particular activity" and "reasons for substantial time billed relating to a specific activity." The Hild Defendants reserve the right to request that explanation from any estate professional, including as to Blank Rome's Task Codes 18 and 20, in connection with any final fee application.

12. **Information regarding administration.** Nothing in this Statement limits Michael Hild's pending request for information under 11 U.S.C. § 704(a)(7) [D.I. 646, 650, 655], or any Hild Defendant's right to seek information regarding the administrative expenses of the estate.

13. **All capacities and all bases for standing.** Each Hild Defendant reserves all rights to be heard on, to object to, to seek relief regarding, or to take any position on any Fee Matter, any other application for compensation or reimbursement of any estate professional (interim or final), and any related order, in every capacity in which that Hild Defendant has or may later establish

standing. That includes each capacity identified in paragraph 5 and any capacity that arises from later events in this case or the Adversary Proceeding.

14. **Prior and future applications, orders, and distributions.** Without limiting paragraph 13, the Hild Defendants reserve all rights, to the extent they affect any Hild Defendant, with respect to (a) compensation previously allowed on an interim basis, to the extent subject to review, adjustment, or return under 11 U.S.C. § 330(a)(5) or otherwise; (b) any later interim or final application of any estate professional, including final applications noticed after the Trustee's Final Report under Local Rule 2016-2(k); (c) the Trustee's Final Report and any proposed distribution, including the amount and priority of administrative expenses; and (d) any request to allocate, shift, or recover fees or costs from, or to charge them against property claimed by, any Hild Defendant.

15. **Final orders and jury demand.** Pursuant to Local Rule 9013-1(f), the Hild Defendants consent to the entry of a final order on this Statement. They do not consent to the entry of final orders or judgments by this Court on the claims asserted in the Adversary Proceeding, and nothing here waives their jury demand [Adv. D.I. 73].

16. **Supplementation.** The Hild Defendants reserve the right to supplement this Statement, to be heard at the November 19, 2026 hearing, and, for cause, to seek leave to be heard on any Fee Matter for which a deadline has passed.

## CONCLUSION

The Hild Defendants respectfully request that any order on a Fee Matter provide that the allowance is interim only and is without prejudice to the rights reserved in this Statement, and grant such other relief as is just.

Dated: November 12, 2026
Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

/s/ John D. McLaughlin, Jr.
John D. McLaughlin, Jr. (DE Bar ID 4123)
1204 N. King Street
Wilmington, DE 19801
Telephone: (484) 437-2676
Email: jmclaughlin@ciardilaw.com

– and –

Albert A. Ciardi, III (admitted *pro hac vice*)
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Email: aciardi@ciardilaw.com

– and –

**SCALE LLP**
J. Andrew Baxter (admitted *pro hac vice*)
215 N. Payne St., Ste. 33044
Alexandria, VA 22314
Telephone: (202) 758-5778
Email: abaxter@scalefirm.com

*Counsel for Michael C. Hild, Laura D. Hild, and the Hild Entities*

## CERTIFICATE OF SERVICE

I, John D. McLaughlin, Jr., hereby certify that on November 12, 2026, I caused a true and correct copy of the foregoing Statement to be served (i) through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including counsel to the Chapter 7 Trustee, and/or (ii) by first class mail upon the following:

Office of the United States Trustee
Attn: Linda J. Casey, Esquire
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

Blank Rome LLP
Attn: Stanley B. Tarr, Esquire; Lawrence R. Thomas III, Esquire
1201 N. Market Street, Suite 800
Wilmington, DE 19801
– and –
Attn: Michael B. Schaedle, Esquire; Michael D. Silberfarb, Esquire
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel to the Chapter 7 Trustee*

Chipman Brown Cicero & Cole, LLP
Attn: Alan M. Root, Esquire; Bryan J. Hall, Esquire
Hercules Plaza, 1313 N. Market Street, Suite 5400
Wilmington, DE 19801
*Counsel to the Chapter 7 Trustee*

/s/ John D. McLaughlin, Jr.
John D. McLaughlin, Jr. (DE Bar ID 4123)